Filed Feb. 14, 1884.

---

No. 9469.

COE v. JOHNSON ET AL.

SALE.—*Performance of Condition.*—*Title.*—*Injunction.*—When the sale of a saw-mill is made upon the condition that the title should not pass until full payment of the purchase-money, an injunction will be granted to restrain the purchaser from removing the same until the condition is performed.

SAME.—*Pleading.*—*Practice.*—*Exceptions to Judgment.*—Complaint alleging the parol sale by the plaintiffs to the defendants of a saw-mill, to be paid for in sawing lumber, title not to pass till payment in full, that payment had not been made, defendant was insolvent and was about to remove the mill beyond the State.  Answer general denial, and a special paragraph that the defendant was put in possession, and had paid part of the price.

*Held*, that the answer was bad.

*Held*, also, that a final judgment for the plaintiff upon sustaining a demurrer to the special paragraph, without a trial of the issue formed by the denial, was error, and that a general exception to the judgment, and an assignment of error that the court erred in rendering final judgment on the demurrer, present the question in the Supreme Court.

From the Allen Circuit Court.

*R. S. Robertson* and *J. B. Harper*, for appellant.

*C. H. Aldrich* and *J. Barrett*, for appellees.

ELLIOTT, J.—It is alleged in the appellees' complaint that they agreed, in an oral contract, to sell to the appellant a saw-mill situated on land owned by them for three thousand dollars, the purchase-money to be paid by sawing for the sellers six hundred thousand feet of lumber, and that it was expressly stipulated in the contract that the title should not pass until payment of the purchase-money.  Performance

Coe *v.* Johnson *et. al.*

by the appellees and failure to perform by the appellant is sufficiently averred, and it is also averred that the appellant is insolvent and is about to remove the mill out of this State.

The second paragraph of the answer pleads evidence instead of facts, and it.is very doubtful whether it is not bad for this reason; but as counsel do not press this point we pass it.

The defence sought to be pleaded is that the appellants acquired title by taking possession under the contract and paying part of the purchase-money. The appellees contend that the property must be deemed real estate, and that the verbal contract is within the statute of frauds, and consequently passed no title. We do not find it necessary to decide whether the property was real or personal, for, conceding that appellees are right in claiming that it is the former, still there is shown such a part performance as takes the case out of the statute. Where possession of land is taken pursuant to a verbal contract, the statute will not operate to defeat the title of the purchaser. Of the many cases deciding this point we cite only, *Rucker* v. *Steelman,* 73 Ind. 396; *Arnold* v. *Stephenson,* 79 Ind. 126; *Johnston* v. *Glancy,* 4 Blackf. 94 (28 Am. Dec. 45); *Felton* v. *Smith,* 84 Ind. 485. Where possession of the land is taken pursuant to the oral contract, there is a part performance, and the case is carried out of the statute.

There is, however, a material averment in the complaint which is neither avoided nor denied, and that is, that the contract was that no title should pass until full payment of the purchase-money, and that it had not been paid. It seems very clear to us that, as the appellant had no title, he had no right to remove the mill building and machinery. The answer is, therefore, clearly bad.

The first paragraph of the answer is the general denial, which was not withdrawn, but was standing when judgment was rendered. The action of the trial court is thus exhibited by the record: " Come the parties by counsel, and the court having heretofore sustained plaintiffs' demurrer to the

defendant's answer, said defendant declines to answer further, but elects to stand by his answer. It is therefore considered by the court that the matters set forth in the complaint are true as confessed," and this recital is followed by the decree, and at the bottom of the decree is the following: "To which judgment defendant duly excepted." It was plainly error to render judgment while the general denial was still standing, for that put the appellees to proof of all the material allegations of their complaint.

.It is urged by appellees' counsel that the specification of error is not sufficiently specific to present the question of the correctness of this ruling. The specification reads thus: "The court erred in rendering judgment against the appellant on the demurrer to the second paragraph of his answer." In our opinion this specification fairly presents this question. The error which the court did commit was in rendering judgment on the demurrer. The record affirmatively shows that the judgment was rendered because the appellant declined to answer further, and because the court regarded the second paragraph as conclusively confessing the allegations of the complaint. It was error to adjudge that the averments of the complaint were confessed, and consequently wrong to pronounce judgment on that ground. The two paragraphs stood as independent pleadings; the confession in the one did not withdraw the denial contained in the other.

Judgment reversed.

ZOLLARS, J., did not take part in the decision of this case.
Filed Jan. 31, 1884.