No. 2008.

MERCHANTS AND PLANTERS BANK *v.* J. H. THOMAS & SONS.

1. RIGHT OF PROPERTY—SALE OF CHATTELS.—When the owner of per·
sonal property transfers its possession to one who executes his notes to
pay for it an agreed price, at a stipulated time, under a cotemporaneous
contract by the terms of which the title is to remain with the vendor
until the price is paid, with the right to reclaim possession if the price is
not paid at the time agreed on, the original owner in default of payment
may elect either to enforce payment of the notes, or to reclaim posses-
sion.  The assertion of either right is the abandonment of the other.  To
resume possession, cancels the right to enforce payment of the obliga-
tion to pay, and an effort to enforce payment, is equivalent to an adm s-
sion of title in the purchaser.

2. SAME.—The effect of the transfer of such written promise to pay, is to
assign to the endorsers of the obligation the right to enforce collection.
and to deprive the original vendor of the right to reclaim possession in
default of payment.  This right thus lost, can not be restored without
the consent of the endorser, by an agreement between the original par-
ties to the transaction.

APPEAL from Grayson.  Tried below before the Hon. R. Mal·-
bie.

*Wilkins & Patty,* for appellant, cited Griffith & Wedge v.
Morrison & Mathews, 58 Texas, 46 ; City National Bank v. Tufts,
63 Texas, 113; Coddington v. Wells, 59 Texas, 49; Tom v. Woll-
hoefer, 61 Texas, 277; Cushing v. Knittel, 57 Texas, 354.

*Woods & Cunningham,* for appellee, cited Revised Statutes,
article 4834; Texas Court of Appeals, Civil Cases, volume 1, section
473; Pierson v. Tom, 10 Texas, 145; Noble v. Holmes, 5 Hill.
(New York), 194; Thoenburg v. Hand, 7 California, 554.

WILLIE, CHIEF JUSTICE.  This was a statutory proceeding for
the trial of the right of property, in which the appellant was
plaintiff, and Thomas & Sons claimants, the subject of contro-
versy being a number of hay rakes, attached at the suit of the
appellant as the property of Boussel & Seisfield, and found by
the sheriff in their possession.  This property was claimed by
Thomas & Sons under a contract made by them with Boussel &

Seisfield, in which they agreed to sell them to Boussel & Seisfield, upon condition that the latter should pay for them within a certain time, with the understanding that, until paid for, they or their proceeds, if sold, should continue to be the property of the vendors. In pursuance of this agreement, Boussel & Seisfield executed to Thomas & Sons their promissory notes, falling due at the respective dates when the purchase money of the rakes was to be paid.

These notes were indorsed by the payees to W. S. Thomas & Bro., and by them to the Merchants and Planters Bank for collection, and were by the latter duly protested for non-payment; and they were still unpaid at the trial of this cause. The claimants were still in possession of the notes, and exhibited them upon the trial, and it appeared that both indorsements had been erased. The judge, sitting without a jury, rendered judgment upon the law and facts, for the claimants, and the bank has brought the case by appeal to this court. The relation of Thomas & Sons to the property and its purchase money are fixed by the contract and the notes which were subsequently executed.

By the terms of the contract Thomas & Sons reserved in themselves the title to the property transferred and the right to reclaim possession of it if the consideration remained unpaid, and they had also the alternative right to enforce the payment of the notes given for the purchase money. The right to reclaim that money was vested in Thomas & Sons alone, and was to be exercised in the event of a default in payment to them of the purchase money, or of a reasonable belief that such default was intended. The contract gave the vendors no power to part with the right to the purchase money, and at the same time to hold the title to the property, with the consequent power to rescind the contract. The assertion of one of these rights was, therefore, an abandonment of the other. To resume possession of the property was to cancel the debt for its purchase money; on the other hand, to enforce this debt was to admit the title to the property to be in the vendee, for the vendees could not be made to pay the entire purchase money of the property without at the same time having their vendor's title vested in them. From the time the vendors elected which of the two courses they would pursue, the other was closed to them. Thomas & Son did not assert their right to the property until it was seized under the appellant's attachments, and this was after the first payment of purchase money became due; but they did indorse

and transfer both the notes given for the purchase money before they matured. The holders of the notes did not thereby become assignees of the contract, and hence could not avail themselves of its provisions and recover the property if the notes were not paid. Thomas & Sons having placed the notes beyond their own reach could not reclaim the property, for, in order to do so, they were obliged to cancel the notes or return them to the vendees. But the effect of the transfer was to sign to the indorsers the right to enforce against the vendees the collection of the notes. This was the only right they did possess, and the vendors intended to confer it upon them by means of the indorsement, and at the same time to divest themselves of all right to the property. Having elected to have the notes enforced and abandoned their right to claim the property, the title vested in Boussel & Seisfield.

The trust relation between Thomas & Sons and Boussel & Seisfield, created by the contract, was severed by the action of the former; and the latter were no longer under any obligation to hold the property or its proceeds for the benefit of their vendors. Having put an end to the contract in this respect by transferring the notes, Thomas & Sons could not revive it by taking hem again into their possession. The contract once abandoned, could not be restored by any action on the part of Thomas & Sons and the holders of the notes, without the consent of Boussel & Seisfield. If the former chose to re-possess the notes they thereby obtained only such rights against the makers as were held by the parties from whom they received them—the right to enforce their payment by suit against the makers.

To hold that Thomas & Sons resumed the position towards the property that they had occupied before the assignment would be to hold that the right to rescind the contract remained with them after the assignment of the notes, and that this, together with the right to enforce the notes, was again united in them, which could not be the case under the views we have already expressed. Had the notes been endorsed simply for collection, the case might have been different, as no suit had been brought upon them, but as to this there was no proof, and the presumption is that the sale of the notes was absolute and for a valuable consideration.

The case is different from any upon the same subject which have come before this court; for in none of them had the vendor,

claiming the property under such a contract, parted with his title to the notes given for the purchase money.

In view of the particular facts of this case, and the law applicable to them, we think the court erred in adjudging the property to the appellees. For this error the judgment will be reversed, and, as the case may not have been fully developed upon the trial, the cause will be remanded.

*Reversed and remanded.*

Opinion delivered December 2, 1887.