SAN ANTONIO BREWING ASSOCIATION V. ARCTIC ICE MACHINE
MANUFACTURING COMPANY ET AL.

No. 6938.

1.   **Chattel Mortgages, Unrecorded.** — Article 2468, Revised Statutes, does not make fraudulent a reservation of lien by a vendor of personal property not recorded where possession has been held by the purchaser two years. A chattel mortgage under Act of 1879 (art. 3190b, Rev. Stats.), if not registered is not void as between the parties to it.

2.   **Same — Suit to Foreclose.** — Suit was instituted to enforce payment of purchase money for personal property of the seller who reserved the right of ownership until the purchase money should be paid. The property, an ice machine, had been fixed to the realty and had been in the purchaser's possession over two years. The purchase money notes reserving the interest were not recorded. Subsequent to the filing of the suit the defendant made an assignment and the property was sold by the assignee. *Held*, that as between plaintiff and the defendant the defendant could not take advantage of the nonregistration, nor of his possession, nor could the purchaser, as the suit to foreclose was pending at the time of his purchase from the assignee.

3.   **Assignment.** — The assignment by the defendant after suit would not affect the right of the plaintiff to payment out of the property fixed by suit.

4.   **Fixtures — Mortgaged Personalty.** — Where personal property is sold and the title is reserved in the vendor until the payments for it are made, and with consent of the seller the purchaser attaches it to his real property, as between themselves its character as personal property is not changed. The same rule obtains where a mortgagor in possession annexes the mortgaged chattel with the consent of the mortgagee to his land, the mortgagee's rights are not affected and he may treat it as personal property. For a stronger reason would the rule apply where the fixture was attempted without the consent of the mortgagee.

APPEAL from Bexar.   Tried below before Hon. G. H. Noonan.
The opinion states the case.

*H. E. Barnard* and *Oscar Bergstrom*, for appellant. — 1. When any reservation or limitation shall be pretended to have been made of a use of property by way of condition, reversion, remainder, or otherwise, in goods and chattels, the possession whereof shall have remained in another for the space of two years without demand made and pursued by due process of law, the same is as to the creditors and purchasers of the person so remaining in possession fraudulent, and the absolute property is with the possession, unless such reservation or limitation of the use of property has been declared by deed or other instrument in writing, duly acknowledged or proved for record and recorded. Sinker, Davis & Co. v. Comparet, 62 Texas, 470; Bank v. Tufts, 63 Texas, 113; Knittel v. Cushing, 57 Texas, 359.

2.   Machinery placed in a building essential and necessary for the intended use of the building is a fixture, and becomes a part of the realty. Sinker, Davis & Co. v. Comparet, 62 Texas, 470; Phelps v. Edwards, 52 Texas, 371; Moody v. Aiken, 50 Texas, 65.

· 3. A general denial puts the plaintiff upon proof of his entire case, and though there is no conflict in the evidence the court can not assume any fact as proved, but must submit all questions of fact to the jury.

*John A. & N. O. Green* and *C. Upson*, for appellees.—1. When in a contract of sale it is agreed that the vendor shall not part with the title and ownership of the property until the price is fully paid, the title remains in the vendor until that event, though the property is delivered at the time and the possession thereafter held by the vendee; the full payment is a condition precedent and must be complied with before the title passes, and upon a failure to comply with the same the vendor may recover back the property or enforce his lien thereon for the unpaid purchase money. Bank v. Tufts, 63 Texas, 113; Tufts v. Cleveland, 69 Texas, 580; 3 Am. and Eng. Encyc. of Law, 429; 1 Jones on Liens, secs. 28, 29, 41, 93.

2. A purchaser of property at an assignee's sale, assigned for the benefit of creditors, acquires no greater interest in the property than the assignor had at the time of the assignment, but takes the same subject to all equities, liens, and incumbrances which existed against the property in the hands of the assignor at the time. Keller v. Smalley & Harris, 63 Texas, 512; Warner v. Jameson (Iowa), 2 N. W. Rep., 951; 1 Am. and Eng. Encyc. of Law, p. 854, and note 2; Amett v. Trimmer, 11 Atl. Rep., 487.

3. Prior to the Act of March 31, 1885, a contract of sale with a reservation of title in the vendor, like the one in question, was not regarded as a chattel mortgage, and, if unrecorded and the possession of the property was in the vendee, was valid, not only as against the vendee but as against creditors and purchasers in good faith; and even an unrecorded chattel mortgage was then and is now valid as between the mortgagor and mortgagee and an assignee under a general assignment for the benefit of creditors or a purchaser under such assignment. · Gen. Laws 1885, p. 76, chap. 78; Gen. Laws 1879, p. 134; Keller v. Smalley & Harris, 63 Texas, 512; Jones on Chat. Mort., sec. 363.

4. An assignee under a general assignment for the benefit of creditors is not a purchaser in the meaning of the statutes before referred to or embraced in article 2468 Revised Statutes; the creditors as used in said statutes are such creditors as have acquired some character of lien upon or interest in the property, but purchasers or general creditors under such assignment are not included therein. Jones on Mort., sec. 245.

5. · Belohradsky did not have the right to impeach or set aside the contract of sale in question on the ground that he had had possession of the property for two or more years and that the contract was unre-

corded, hence that right did not pass to his assignee or to the purchaser under assignee's sale. 63 Texas, 512.

6. The appellee having instituted suit for a foreclosure of its lien on the machinery in question prior to the assignment made by Belohradsky, and the same being pending and actively prosecuted when such assignment was made, and when the sale of the property by the assignee took place, the appellant, the purchaser at the sale, had full notice of appellee's claim and acquired no title as against the same. Briscoe v. Bronaugh, 1 Texas, 326; Wade on Law of Notice, sec. 337.

7. The appellee, in its contract of sale to Belohradsky, having reserved the title to the property in question in itself until the purchase money was paid, it was not intended that the same should, nor did it, become a fixture or part of the realty, but remains personally subject to appellee's lien. Harkey v. Cain, 69 Texas, 146; Tyler on Fix., pp. 129–146.

HOBBY, Presiding Judge, *Section A.*—September 12, 1883, appellee, the Arctic Ice Machine Manufacturing Company, entered into a contract with one J. B. Belohradsky, the original defendant below, to construct and deliver to him certain apparatus or machinery for the cooling of beer and the manufacture of ice, upon the express condition set forth in the contract of sale that the vendor should not part with the title and ownership of the same until fully paid for.

Belohradsky made default in the payment of the notes, as they matured, which he had executed to secure the payment of the balance due on the ice machine. After a correspondence extending through several months in 1884 and 1885 by the appellee with Belohradsky, urging the payment of the amount due, on May 29, 1886, the appellee instituted its suit against said Belohradsky on three notes, amounting to $6502.56, besides interest, given for the balance due on the purchase of said machinery, alleging that the same was a lien thereon under said contract, and prayed judgment accordingly. On September 11, 1886, Belohradsky made an assignment of all his property for the benefit of his creditors to R. P. Tendick, as assignee, and February 1, 1887, said assignee sold the property in question to appellant.

Belohradsky answered, alleging specially that the ice machine and attachments were purchased for and intended to be erected in a brewery plant then being constructed by him, and that the same had become a fixture, and that since the machine had been so erected he had made an assignment for the benefit of his creditors to R. P. Tendick, as assignee, and therefore had no further interest in the property. The appellant, the San Antonio Brewing Association, intervened, setting up the fact that the machine and attachments had become part of the realty, and that appellant had become the purchaser of the property and brewery plant from R. P. Tendick, the assignee of J. B. Belohrad-

sky, and that the plaintiff had never fixed any lien thereon as provided by law which could be binding upon said property as against the defendant or any of his creditors or any purchaser; and that the intervenor had no notice, actual or constructive, of any such claim or lien, and prayed for judgment freeing the property from any lien or claim of the plaintiff. The cause was tried on April 14, 1888, and verdict and judgment rendered in favor of the appellee, the Arctic Ice Machine Manufacturing Company, against appellant J. B. Belohradsky for the sum of $6435, with a foreclosure of the lien on the machinery and attachments.

The first ground relied on for a reversal is the refusal of the court to give the special instruction requested by appellant, to the effect that if Belohradsky held possession of the machinery for two years or more, and during that time the appellee failed to record the contract and make demand and prosecute suit for the possession of the property, and appellant did purchase from Belohradsky or his assignee Tendick, the appellee had lost his lien, and appellants were entitled to recover.

The statute (article 2468, Revised Statutes) invoked in support of this position is substantially, that where any reservation or limitation is pretended to have been made of a use of property, by way of condition, reversion, etc., or otherwise in chattels, the possession whereof shall have remained in another for the space of two years, the same shall be as to the purchaser of the person remaining in possession fraudulent, etc., and the absolute property is with the possession unless the reservation or limitation is declared by instrument in writing duly acknowledged and recorded. This statute applies to the case under consideration, an executory contract of sale, by the terms of which the title remained with the seller, but the purchaser is placed in possession of the chattel, and, upon condition of payment in full, the further right to hold and own the same depends; and there is no record of the instrument in writing showing the real character of the transaction. But it does not make the reservation or condition fraudulent as between the mortgagor and mortgagee or parties to the instrument. A chattel mortgage under the Act of 1879 (article 3190b, section 1, Revised Statutes) if not registered is not void as between the parties to it. Keller v. Smalley & Harris, 63 Texas, 519.

In this case it is claimed that as to the purchaser from Tendick, the assignee of Belohradsky, of the property the instrument reserving the title in appellee is fraudulent, because the possession remained in Belohradsky for more than two years without registry of the contract or demand made and prosecution of the suit. The rights of the purchaser (the appellant) could not attach before its title to the property was acquired, and this, it is not controverted, occurred on February 1, 1887, when the sale was made by the assignee. In May, 1886, about nine months prior to this sale, suit was brought by the Arctic Ice Com-

pany against Belohradsky to foreclose the lien. This, it is true, was after he had been in possession for more than two years, but as that possession, under the statute, clearly could not have been fraudulent as between the parties themselves and could not have affected injuriously the rights of the ice company, it becomes unimportant and can not be available to appellant for any purpose. No purchaser's right, then, having attached prior to the institution of the suit in May, 1886, there is no one to assert any right arising from the two years' possession, except the purchaser or mortgagee Belohradsky himself. The statute giving him no such right, appellee's lien was not lost. The assignment by Belohradsky to Tendick three months after the institution by the ice company of the suit to foreclose the lien would not defeat its rights acquired thereby. The facts do not show that this is a case where there was possession by Belohradsky or the assignee for two years or more when appellants purchased indicating that he was the owner, when there was nothing to show he was not such owner. Such was the class of cases the statute was intended to cover and prevent frauds in. On the contrary, neither of these features existed. There was no such possession, and a suit was being prosecuted by appellee to foreclose its lien, when the assignment was made and appellant bought. The charge, we think, should not have been given.

The error next assigned is the refusal of the court to instruct the jury, as requested by appellant, to the effect that the machinery—the property in question—was essential to carry on the brewery in which it was used, and was intended to be a permanent addition to the same, and for that reason appellee had no lien thereon.

It is expressly declared in the contract of sale that it is understood and agreed that the appellee shall not part with "the title and ownership" of the property until each of the payments have been fully made.

The rule settled in a number of cases upon this question raised by the assignment is that where personal property is sold and the title is reserved in the vendor, as in this case, until the payments are made and the purchaser, with the consent of the seller, attaches it to the former's real property, as between the parties its character as personal property is not changed. Harkey v. Cain, 69 Texas, 150. The same rule applies where a mortgagor in possession annexes the mortgaged chattel with the consent of the mortgagee to his land, the mortgagee's rights are not affected, and he may treat it as personal property. Id., and cases. In this case the consent of the appellee was not obtained, and with stronger reason would the principle apply.

We think there is no error in the judgment and that it should be affirmed.

*Affirmed.*

Adopted May 19, 1891.