BENSINGER SELF-ADDING CASH REGISTER CO. v. F. F. CAIN.

(No. 3227.)

APPEAL from Dallas County. Opinion by WHITE, P. J.

BASSETT, SEAY & MUSE, counsel for appellant.

No counsel appeared for appellee.

§ **289.** *Personal property; conditional sale of; when vendor has an election of remedies; case stated.* Appellant, the Bensinger Self-Adding Cash Register Company, as plaintiff, sued to recover of the appellee, F. F. Cain, as defendant, the sum of $245, with interest and attorney's fees, due upon certain promissory notes and contracts made by the defendant for two certain cash registers sold and delivered to him by plaintiff at his special instance and request, and to foreclose a lien thereon. The charging part of the petition alleged that, on February 10, 1890, and on April 12, 1890, respectively, plaintiff sold and delivered to defendant two certain cash registers,

each for the sum of $145, the said purchase-money for each being due and payable at Dallas, Texas, in five monthly payments of $20 each, from the dates of said respective purchases, as evidenced by defendant's written contracts of purchase, which contracts of purchase were set out at length in the petition.    The petition further alleged that defendant, in compliance with his obligation of February 10, 1890, and as an evidence of the balance of the purchase-money then due plaintiff on the registers then purchased and received by him, executed and delivered to the plaintiff his five promissory notes of date February 10, 1890, each for the sum of $20, and payable one, two, three, four and five months after date, respectively, to the order of plaintiff, with eight per cent. interest from maturity, and attorney's fees; that the defendant has failed and refused to execute the said notes, as agreed in said obligation of the 12th of April, 1890; that, by reason of the premises, plaintiff has a lien upon the said registers, and the defendant became liable, etc., to pay the plaintiff the sum of $245, with interest, as therein specified, and attorney's fees, which are the reasonable sum of $50; that, also, the said registers were sold and delivered at the special request of the defendant, and by him long since had and received; and, although the said instalments are long since due, and the payment thereof often requested, the defendant has heretofore failed and still fails and refuses to pay the same or any part thereof.    Prayer for judgment for the debt, interest, and attorney's fees, with a foreclosure of the lien, for costs and equitable relief.    The defendant answered with a general demurrer to the petition, which was by the court sustained and the suit dismissed, and from the judgment dismissing the suit this appeal is prosecuted.

The court erred in sustaining the general demurrer and dismissing the petition.    In Bank v. Thomas, 69 Tex. 237, it is held that, when the owner of personal property transfers his possession to one who executes his notes to

pay for it an agreed price, at a stipulated time, under a contemporaneous contract, by the terms of which the title is to remain with the vendor until the price is paid, with the right to reclaim possession if the price is not paid at the time agreed on, the original owner, in default of payment, may elect either to enforce payment of the notes or reclaim possession. The assertion of either right is the abandonment of the other. To resume possession cancels the right to enforce payment of the obligation to pay, and an effort to enforce payment is equivalent to an admission of title in the purchaser. Because of the error indicated above, the judgment is reversed and the cause remanded.

January 23, 1892.          Reversed and remanded.