## HOYT & BRO. CO. v. WEISS BROS. ET AL.

### No. 871.

**Conditional Sale—Registration—Actual Notice—Trustee of Creditors.**—Under article 3190a, Sayles' Civil Statutes, a conditional sale of a chattel, when possession is delivered to the vendee, by an instrument containing a reservation of title to secure the purchase money, if unregistered, is void as to a trustee of creditors who has actual notice.

APPEAL from Tyler. Tried below before Hon. NORMAN G. KITTRELL, Special Judge.

*Cooper & Mooney* and *Gordon Bullitt*, for appellant.—1. The article in question (article 3190a, Sayles' Civil Statutes) is somewhat awkwardly worded, but evidently the expression bona fide applies as well to creditors as to subsequent purchasers. Indeed no reason can be discovered why the one class should receive greater legislative favors than the other. "Without notice" and "in good faith," are equivalent

terms. Sayles' Civ. Stats., art. 3190a; Coover v. Johnson, 25 Am. Law Reg. (N. S.), 310; Whitcomb v. Woodworth, 54 Vt., 544; Sewing Machine Co. v. Halcomb, 40 Iowa, 33.

2. This instrument shows beyond question that it was the express intention of plaintiff and of Talbot, that the title to the machine was not to pass to Talbot until the $1200 was paid in full; $800 of the amount is yet unpaid. Bank v. Tufts, 63 Texas, 113; Ct. App. C. C., secs. 17, 153, 294, 497, 720, 722; Benj. on Sales, 3 Am. ed., 320.

*Votaw & Chester*, for appellees.—When mortgaged property remains in the hands of the mortgagor, and the instrument is not filed as required by law, the mortgage is absolutely void as to the creditors and bona fide purchasers of and from the mortgagor, no matter whether they had notice or not, and without regard to whether they were creditors in good faith. Sayles' Civ. Stats., art. 3190b, secs. 1, 4,; Id., art. 2296, and authorities cited; Brothers v. Mundell, 60 Texas, 240; Templeman v. Gibbs, 24 S. W. Rep., 792; Electric Co. v. W. T. & L. Co., 27 S. W. Rep., 504.

GARRETT, CHIEF JUSTICE.—Appellant brought this action for the recovery of a sizer, which is a machine used in the manufacture of lumber. The machine was ordered of appellant by one Richard Talbot, who addressed to it the following letter or order:

"ALSOBROOK, Tyler County, Texas,
"November 19, 1888.
"*Hoyt & Bro. Co., Aurora, Ill.:*

"GENTLEMEN—Please deliver in car marked to my address, as above, one of your number 2 sizers, complete as per catalogue, for which I will to pay you twelve hundred dollars ($1200), as follows: $200 in three months after shipment, and $200 every two months thereafter until paid, notes to draw 8 per cent; said machine to be your property till paid for. "RICHARD TALBOT.
"Witness: S. G. MUNN."

The sizer was shipped and delivered to the firm of Talbot & Craig, which had been formed in the meantime for the operation of a sawmill, and of which Richard Talbot was a member. Talbot & Craig executed to the plaintiff six plain promissory notes, in accordance with the order, all dated December 8, 1888, two of which they paid. The machine was received by Talbot & Craig and bolted to the floor of the mill, and in that position was used to size lumber. It weighed about 18,600 pounds, but could be removed by being unbolted.

Talbot died sometime prior to June 1, 1889. On that date, Craig, his surviving partner, having succeeded him, became involved in debt to numerous creditors, and executed a deed of trust to Wm. D. Cleveland to secure certain large sums of money, and to secure also the sum

of $4,500 advanced by certain of the parties so secured to enable him to pay certain debts, and to extend his mill road to better timber. The deed of trust covered the mill machinery, fixtures, sizer, etc., and by regular procedure of sale, as found by the court below, the title to all of said property passed to the defendants in this suit. This deed of trust was proved for record December 10, 1889, and filed for record January 4, 1890.

On July 1, 1889, the original order of Talbot was filed by the plaintiff for registration in the office of the county clerk of Tyler County, and registered as follows: "Richard Talbot—Hoyt Brother Co.—Description: Two sizers, complete as per catalogue." Its execution by Talbot was proved.

Wm. D. Cleveland, the trustee, represented himself and other creditors of Craig in the deed of trust. He knew of the claim of Hoyt & Bro. Co., but denied that they had any claim which was capable of being enforced by a recovery of the specific property.

December 12, 1890, one S. S. Hatch recovered a judgment against Craig foreclosing a vendor's and mortgage lien on the land on which Craig's mill was situated, including the mill fixtures, etc. These liens were created more than a year before the sizer was placed in the mill, and were superior also to the trust deed; the defendants bought this judgment, but it does not appear that any sale has been made thereunder.

Appellant makes no question of the validity of the deed of trust executed by Craig to W. D. Cleveland. Its contention under the first assignment of error is, that the actual notice to W. D. Cleveland of the claim of appellant to the machine supplied the want of registration, and that the order letter was valid without it. The order and the action of appellant thereon would imply a conditional sale, but it is clear that the reservation of the title was a security for the purchase money. "All reservations of title to, or property in chattels as security for the purchase money thereof, shall be held to be chattel mortgages, and shall, when possession is delivered to the vendee, be void as to creditors and bona fide purchasers unless such reservations be in writing, and registered as is required of chattel mortgages." Sayles' Ann. Stats., art. 3190a. It is unimportant whether creditors have notice or not; it requires registration to give the instrument effect as to them. Sayles' Ann. Stats., art. 3190b; Brothers v. Mundell, 60 Texas, 246; Keller v. Smalley & Harris, 63 Texas, 519. It has been held, however, that it is not void for want of registration between the original parties. Brewing Association v. Ice Machine Mfg. Co., 81 Texas, 99. And it would seem, that as between them the seller might elect either to sue for the property or to foreclose a lien. Bank v. Thomas & Sons, 69 Texas, 237. But the defendants as creditors acquired a lien upon the property before the instrument relied on by the plaintiff was registered, and it was consequently void as to them, although Cleve-

land had notice of plaintiff's claim. This being the case, it becomes unimportant to pass on the remaining assignments of error.

The judgment is affirmed.

*Affirmed.*

Delivered May 23, 1895.

### ON MOTION FOR REHEARING.

GARRETT, CHIEF JUSTICE.—The language in the opinion, that defendants as creditors acquired a lien upon the property before the instrument relied on by the plaintiff was registered, was based upon the assumption of fact that the deed of trust was upon the land on which the mill, machinery, sizer, etc., were situated, and the conclusion that the sizer was a fixture except as between plaintiff and Talbot; but a re-examination of the case shows us that it does not appear that the mill and machinery were situated on any of the tracts of land embraced in the deed of trust. So it appears that the Cleveland deed of trust under which appellees claim was a junior chattel mortgage. Whether or not appellant's reservation of title would be void as to a junior lien we need not further consider, because, since the case was decided, the Supreme Court, in response to a question certified from the Second District, has held, that there can be no reservation of title even between the original parties, and that an instrument attempting to reserve title could be no more than a chattel mortgage. Harling v. Creech, 88 Texas, 300. There was no stipulation in appellant's chattel mortgage for the right to take possession of the property and sell it for the satisfaction of the debt. The case just cited strips this case of all controversy, and fully sustains the view taken of the instrument by the learned special judge who tried the case below. The motion for rehearing will be overruled.

*Overruled.*

Delivered June 20, 1895.