WEAR-BOOGHER DRY GOODS COMPANY v. CULLEN CREWS ET AL.

Decided May 23, 1900.

**1. Sale of Goods Induced by Fraud—Rescission—Seller's Election of Remedies.**

. Where a sale of goods is induced by the buyer's fraudulent representations as to his solvency, the seller, suing to recover the goods sold, or in the alternative the price thereof, may be required to elect upon which remedy he will proceed, since he must either rescind the sale and sue for the possession of the goods, or affirm it and sue for the price.

**2. Same—Innocent Purchaser—Consideration in Part an Antecedent Debt.**

M. purchased goods from plaintiff through fraudulent representations as to his solvency, and afterwards sold the stock in which he had placed them to defendants, who had no notice of the fraud, and who, in consideration for the stock, canceled a pre-existing debt greater in amount than the value of the entire stock, and also paid in cash an amount something greater than the value of that part of the stock (about one-eighth) so bought by M. from plaintiff. Held, that defendants were innocent purchasers for value against whom plaintiff was not entitled to recover anything.

ON REHEARING.

**3. Same—Harmless Error in Requiring Election.**

If there was error in the court's action in requiring plaintiff to elect, it was harmless in this instance, since, in determining the issues upon the theory of a fraud-

ulent purchase, with rescission thereof, elected by plaintiff, the court found against plaintiff the fact of an alleged partnership between plaintiff and M., the existence of which was necessary to defendant's liability upon the other theory of the case.

APPEAL from Hays. Tried below before Hon. H. TEICHMUELLER.

*J. L. Peeler* and *Will G. Barber,* for appellant.

*Denman, Franklin, Cobbs & McGown,* for appellees.

JAMES, CHIEF JUSTICE.—There is no statement of the facts, except as contained in the conclusions of the trial judge. The first amended original petition alleged, in substance, that H. A. McMeans, an insolvent, through false statements as to his financial condition, obtained goods from appellant on credit, of the value of $1381.47. That the firm of H. A. McMeans was composed of McMeans and appellees as partners; that McMeans managed the business and was authorized to make statements and contracts relating to the purchase of goods. That he purchased the goods in question for the firm, composed either of himself and appellees, or appellees alone. That after such sale appellees, Crews and Glover, took possession of same, and claim that they purchased from McMeans bona fide and for valuable consideration, but that they had notice of the facts, and paid no consideration for the goods. The prayer was in the alternative, for judgment against appellees or either of them for the price of the goods and interest, if they or either of them were such partners, and if not, then for judgment against appellees and the sureties on their replevy bond for the value of the goods sequestered, alleged to be $792.35, and interest.

It appears that plaintiffs sued out a writ of sequestration and seized part of the goods, which goods were replevied by appellees. It appears also that McMeans was not served with process, and was not a party to the suit.

The suit, therefore, was against appellees, Crews and Glover, for the value of the goods sold by plaintiff to McMeans, upon the theory that they were partners, or the persons interested, in that firm; also against them for the value of the goods sequestered, upon the theory that title to the goods had not passed from plaintiffs, and the latter were entitled to recover them or their value in the hands of appellees. It is well settled that a plaintiff must elect between these two remedies, one affirming the contract of sale, the other disaffirming it; and the court did not err in requiring plaintiff to elect which he would pursue. Bank v. Thomas, 69 Texas, 237. In order to recover property sold under a contract procured by fraudulent representations made by the purchaser to the seller, the latter must rescind the contract. Gibson v. Lancaster, 90 Texas, 542, where this principle is declared to be elementary. Plaintiff elected to prosecute his right to the goods, reserving his exception to the ruling.

It appears from the findings of the judge that the purchase was a

fraudulent acquisition of appellants' goods by McMeans; that appellees purchased from McMeans his stock of goods, including the goods in controversy, all of the value of about $7000, and that the consideration of such sale consisted of the cancellation of a debt due by McMeans to them of $7500, and some other debts due by McMeans to them, and their assuming to pay certain debts of McMeans aggregating $2636.10, of which last mentioned debts they had paid, when this suit was brought, the amount of $1552.25, all this having occurred without any notice on the part of appellees of plaintiff's right to the goods in controversy.

The court's conclusion as to the law was that appellees, having paid said sum of $1552.25 without notice, were innocent purchasers of the entire stock of goods, notwithstanding the bulk of the consideration consisted of pre-existing indebtedness of their vendor.

Appellants appear to contend, as we gather from their briefs, that appellees could not, under the facts, be deemed innocent purchasers, except to the extent of said sum of $1552.25, and that, as they received goods exceeding this sum by $5447.75, judgment ought to have been in their favor. Our view of the law applicable to the facts of this case makes it unnecessary for us to pass on certain questions discussed in the briefs.

McMeans was found to have been insolvent. As to his general creditors the transfer of his stock of goods to appellees was valid, as the goods taken by them were of less value than even the debt which they surrendered. Plaintiffs' right in the goods was confined to the particular goods claimed by them. Otherwise, they had no right to question the transfer, and they had no interest or concern in the remainder of the goods. The antecedent debt surrendered was a valid consideration for the entire transfer, save and except as plaintiffs had the right to pursue the particular goods they claimed. It seems to us clear, that when defendants proved that, outside of any past indebtedness, they had paid in their purchase and before any notice, a cash consideration of more than the value of the goods in question and more than the value of the entire bill of goods sold by them (plaintiffs) to McMeans as alleged in the petition, it put an end to this issue in favor of defendants. For these reasons the first, second, and third assignments are not sustained.

The findings of the judge in this case in effect show that no partnership existed between McMeans and appellees. Appellees, who were the only defendants, McMeans not being a party, were evidently not shown to have been partners with him as alleged, and this is the only theory we can conceive upon which they could have been liable on the contract of sale. If the contract of sale were affirmed, defendant's title to the goods would have been indisputable, as they, being creditors also, simply took the stock of goods in payment of a debt of greater value. There could have been no conversion on this theory, under the facts. As already held, plaintiff's only remedy, as against appellees, was to assert title to

the goods purchased by McMeans of them, and this they could not have done and at the same time have pursued appellees also upon the theory of the sale to McMeans being valid and subsisting. We think the judgment should be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

If it should be conceded that we have erred in holding that the court properly required plaintiffs to elect, as is insisted by them, we are nevertheless of opinion that plaintiff was not injured by such ruling.

Upon the theory of a fraudulent purchase of the goods, and upon the issues which were tried, viz., whether or not plaintiff could retake the specific goods, and whether defendants were innocent purchasers, there was necessarily involved the issue of whether or not defendants were partners with McMeans. It was material to this issue that McMeans did not owe them the debt of $7500, but that they had such sum invested in the concern. If such proved to be the case, they could not have been innocent purchasers. That such matter was gone into and tried upon the issue of innocent purchaser appears from the finding of fact by the trial judge that the sum was a debt due by them to McMeans. Had the court not required an election, and the cause had proceeded on both theories, it is evident that the result would not have been different, and therefore we think it is shown that plaintiffs were not in any event injured by being forced to elect.

In other respects we believe the motion does not require discussion, and it is overruled.

*Overruled.*

Fly, Associate Justice, did not sit in this case.

Writ of error refused.