## TURK v. CARNAHAN ET AL.

[No. 3,170.   Filed June 21, 1900.]

SALES.—*Title to Remain in Seller.—Remedy of Seller Upon Default.*—
A seller of property, who retains the legal title in himself, cannot,
upon default of payment, take possession of the property, sell or
otherwise dispose of it, and then sue the purchaser for the balance
of the purchase price.

From the Daviess Circuit Court.   *Reversed.*

*W. R. Gardiner* and *C. G. Gardiner,* for appellant.
*P. R. Wadsworth* and *W. Q. Williams,* for appellees.

WILEY, J.—Appellant purchased of appellees certain per-
sonal property under an agreement that the title should re-
main in them until the full purchase price was paid.   Notes
were executed for the purchase price, and the note in suit
was given in lieu of the original notes, after default in pay-
ment had been made and upon an extension of time being
given.   The complaint avers the execution of the note, that
it is due and unpaid, and that a reasonable attorney's fee
would be $10.

The note sued on describes the property, and contains a
clause that the title to the property shall remain in appellees
till it is paid for.   The case was put at issue and tried by
the court, resulting in a general finding and judgment for
appellees.   Appellant's motion for a new trial was overruled,
and he has assigned error: (1) That the complaint does not
state facts sufficient to constitute a cause of action; and (2)
that the court erred in overruling the motion for a new trial.
Some argument is made that the complaint does not state a
cause of action, but we are of the opinion that the complaint
is sufficient to withstand a demurrer.   The motion for a
new trial was based upon two grounds, viz., (1) that the
finding is not sustained by sufficient evidence, and (2) that
it is contrary to law.

Upon all material questions of fact, the evidence is in no wise conflicting. The evidence shows that appellant executed the note sued on in payment of a buggy, a sewing-machine, and a binder, which he agreed to purchase of appellees. The property was purchased at different times, and separate notes were executed, all of which were similar to the one sued on, except as to the amounts and dates. Appellant paid upon the three notes about $70, and when they matured he was unable to pay the balance due. Appellees then requested him to execute a new note for the amount of the balances due on the three notes first executed, and he agreed to do so, and thereupon executed the note in suit. Appellant did not ask for additional time in which to pay the first three notes, but told appellees that he was unable to pay them. After the note in suit matured, appellees sent their agent, one Vance, to collect it, and appellant informed him that he was unable to pay it. Vance then told him that he would have to take possession of the property for which the note was given. Before this, however, the binder described in the note had been sold by consent of appellees for $15, and the amount had been credited on the note. Before the note in suit matured, appellant had exchanged or traded the buggy described in the note for another buggy, a better and newer one, upon the express condition that appellees should not object to the exchange. Appellant told Vance of said exchange, and offered to go and get the buggy he purchased of appellees and to turn it over to them, and Vance informed him that the one traded for was all right and would do just as well. Vance asked appellant to execute a chattel mortgage on his horses to secure the balance due on the note, which he refused to do. Vance thereupon took the buggy and sewing-machine and gave a receipt therefor, which stated that the property was to be applied upon the note in suit. Appellant also signed the following statement: "This is to certify that John Turk has turned over one Standard sewing-machine and one Haydock buggy to C. Vance for M. J. Carnahan & Company, to be applied on my note of

$129, note number 2,500; also second-hand Milwaukee binder. [Signed] John Turk."

Appellees did take possession of said property, and never returned or offered to return it to appellant. When Vance took possession of the buggy, he removed therefrom the name-plate of the makers, and told appellant that appellees had plenty of their own name-plates and would put one of them on. Appellant called several times on appellees and demanded the surrender of his note, and was refused. At one time, when appellant demanded the surrender of the note, one of the appellees asked him how they should sell the property, whether at auction or at private sale, and he told them he did not care. Vance testified that when he took the property from appellant, he (appellant) agreed that appellees should take the property and sell it and apply the proceeds on the note; but on cross-examination he admitted that the agreement to which he referred was the one in writing, which is above copied in full. Upon these facts, counsel for appellant maintain in an able brief, that there can be no recovery against their client. It is important, therefore, clearly to understand the legal import of the contract expressed in the note, and the construction that courts have put upon such contracts. The contract sued on is a conditional one. The condition is that the title to the property sold, as described in the note, shall remain in the vendors (appellees) until the purchase money is fully paid. The title to the property never passed from appellees, and therefore never vested in appellant. Contracts of this character have long been held valid. The rule is so familiar that further discussion is useless. *Dunbar* v. *Rawles*, 28 Ind. 225; *Bradshaw* v. *Warner*, 54 Ind. 58; *Payne* v. *June*, 92 Ind. 252; *Coe* v. *Johnson*, 93 Ind. 418; *Sinker, Davis & Co.* v. *Green*, 113 Ind. 264; *Green* v. *Sinker, Davis & Co.*, 135 Ind. 434.

Upon default of the vendee to pay, as provided in the contract, the vendor has two remedies: (1) He may retake the property, which is a disaffirmance of the sale, or (2) he may treat the sale as absolute, and bring an action for the

price.   6 Am. & Eng. Ency. of Law (2nd ed.) 480; *McRea*
v. *Merrifield,* 48 Ark. 160, 2 S. W. 780; *Holt Mfg. Co.* v.
*Ewing,* 109 Cal. 353, 42 Pac. 435; *Crompton* v. *Beach,* 62
Conn. 25, 25 Atl. 446, 18 L. R. A. 187; *Fleury* v. *Tufts,*
25 Ill. App. 101; *George* v. *Swafford,* 75 Iowa 491, 39 N.
W. 804; *Munroe* v. *Williams,* 35 S. C. 572, 15 S. E. 279;
*Bensinger, etc., Co.* v. *Cain,* 4 Tex. App. 499, 18 S. W.
136; *Smith* v. *Barber,* 153 Ind. 322; *Green* v. *Sinker,
Davis & Co., supra; Sinker, Davis & Co.* v. *Green, supra.*

The undisputed facts in this case show that appellees
elected to disaffirm the contract, and took possession of the
property described in the note.   Having asserted their right
to disaffirm the contract, and having taken possession of the
property under such disaffirmance, appellees thereby aban-
doned their right to treat the sale as absolute and sue for the
price.   The law will not permit a vendor of property, who
retains the legal title in himself to take possession of it
upon default of payment, sell, or otherwise dispose of it,
and then sue the vendee for the balance of the purchase
price.   The authorities are numerous and harmonious upon
this proposition.   *Thomason* v. *Lewis,* 103 Ala. 426, 15
South. 830; *McRea* v. *Merrifield, supra; Parke, etc., Co.*
v. *White River, etc., Co.,* 101 Cal. 37, 35 Pac. 442; *Holt
Mfg. Co.* v. *Ewing, supra; Crompton* v. *Beach, supra;
Bailey* v. *Hervey,* 135 Mass. 172; *Button* v. *Trader,* 75
Mich. 295, 42 N. W. 834; *Johnson, etc., Co.* v. *Missouri,
etc., R. Co.,* 52 Mo. App. 407; *Heller* v. *Elliott,* 44 N. J. L.
467; *Heller* v. *Elliott,* 45 N. J. L. 564; *Morris* v. *Rexford,*
18 N. Y. 552; *Seanor* v. *McLaughlin,* 165 Pa. St. 150, 30
Atl. 717, 32 L. R. A. 467; *Hinchman* v. *Point Defiance R.
Co.,* 14 Wash. 349, 44 Pac. 867; *Merchants, etc., Bank* v.
*Thomas,* 69 Tex. 237, 6 S. W. 565; *Parlin, etc., Co.* v.
*Harrell,* 8 Tex. Civ. App. 368, 27 S. W. 1084; *Green* v.
*Sinker, Davis & Co.,* 135 Ind. 434; *Sinker, Davis & Co.*
v. *Green,* 113 Ind. 264; *Segrist* v. *Crabtree,* 131 U. S. 287,
9 Sup. Ct. 287; *Hays* v. *Jordan,* 85 Ga. 741, 11 S. E. 833,
9 L. R. A. 373.

In the case of *Green* v. *Sinker, Davis & Co., supra,* appellees delivered to appellant certain personal property under an agreement that the title thereto was to remain in appellees until it should be paid for. Appellant paid $100 in cash, and executed three notes for $200, maturing at different dates. All of the three notes matured, and appellant only paid thereon $40. Appellees were pressing appellant for payment, and to obtain an extension of time in which to make such payment it was agreed that appellant should execute a note of $200, secured by chattel mortgage on other property, to be held as additional security for the three notes originally executed, and that if such note should be paid, such payment would be credited upon the original notes, and that as consideration for such additional security appellees would extend the time of payment of the three notes. The time of extension expired, and no further payments were made. Appellees took possession of the property sold, and sought to collect the note and mortgage given as collateral security, they having surrendered the three notes representing the unpaid purchase price of the property. It was held that as the last note was given as collateral security for the purchase money, appellees could not disaffirm the sale and enforce collection of unpaid purchase money.

It seems useless further to pursue the discussion. When appellees took possession of the property, as they had a right to do under the contract, they exhausted their remedy. They elected their own remedy, and, if their election was unwise, we can not relieve them. Giving the evidence the most favorable construction that can be put upon it, it wholly fails to sustain the finding and judgment. It follows, therefore, that the finding is not sustained by sufficient evidence, and is contrary to law. The judgment is reversed, and the trial court is directed to grant appellant a new trial.