BIGGERSTAFF v. McGILL et al. (No. 8116.)

(Court of Civil Appeals of Texas. Ft. Worth. March 6, 1915. Rehearing Denied April 10, 1915.)

1. CHATTEL MORTGAGES ⚌197—REMOVAL OF PROPERTY FROM COUNTRY—RECORDING MORTGAGE.

The term "valuable consideration without notice," in Vernon's Sayles' Ann. Civ. St. 1914, art. 6841, declaring a chattel mortgage void "as to all creditors and purchasers" of the mortgaged property "for valuable consideration and without notice," on the property being removed, with consent of the mortgagee, from the county where the mortgage is recorded, and the mortgage not being recorded within four months after the removal in the county to which the property is removed, qualifies not only "purchasers" but "creditors."

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 430–433; Dec. Dig. ⚌ 197.]

2. APPEAL AND ERROR ⚌1051 — HARMLESS ERROR—ADMISSION OF EVIDENCE.

It being substantially admitted and shown by other evidence that defendant had knowledge of the fact, error in admitting secondary evidence of the giving of notice thereof was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161–4170; Dec. Dig. ⚌ 1051.]

Appeal from Mitchell County Court; A. J. Coe, Judge.

Action by J. F. McGill against E. L. Biggerstaff and another. Judgment for plaintiff, and said defendant appeals. Affirmed.

Joseph H. Aynesworth, of Childress, and Royall G. Smith, of Colorado, Tex., for appellant. Shepherd & Sandusky, of Colorado, Tex., for appellees.

CONNER, C. J. McGill instituted this suit against J. C. Pelton and the appellant Biggerstaff, alleging that, at a date named, Pelton had executed the promissory note declared upon, to secure which he had also executed a chattel mortgage upon certain cattle described in the petition. It was charged that the mortgage had been duly recorded in Mitchell county, where the cattle were at the time of the execution of the mortgage, and that later Biggerstaff, with full knowledge of the mortgage, had seized and converted the mortgaged property. The prayer was therefore for judgment against Pelton for the amount of the note and foreclosure of the lien, and against Biggerstaff for the value of the converted property. Pelton made no defense, but Biggerstaff specially pleaded that the plaintiff McGill had permitted Pelton to remove the mortgaged property from Mitchell to Childress county, where his levy and sale occurred, there to remain more than four months before the levy of the execution under which Biggerstaff claimed.

The execution of the note and mortgage by Pelton as alleged is undisputed. It is also undisputed that, upon the execution of the mortgage, appellee McGill caused it to be duly registered in Mitchell county, where the mortgaged property was then located, and the case was submitted upon two special issues only. They were:

"Did the plaintiff McGill give J. C. Pelton permission to permanently remove the property in controversy from Mitchell county, Tex.? And, if so, did Biggerstaff, before the levy of his execution (which was in Childress county), have notice of McGill's mortgage and of its due registration in Mitchell county?"

The jury answered the first question in the negative, and the second question in the affirmative, and judgment was rendered in appellee's favor against both Pelton and Biggerstaff, as prayed for, from which judgment Biggerstaff alone appeals.

Article 5654, Vernon's Sayles' Tex. Civ. Stat., provides that:

"Reservation of title to or property in chattels, as security for the purchase money thereof, shall be held to be chattel mortgages, and shall, when

possession is delivered to the vendee, be void as to creditors and bona fide purchasers, unless such reservations be in writing and registered as required of chattel mortgages," etc.

Article 5660 provides that:

"The person making any such instrument shall not remove the property pledged from the county, nor otherwise sell or dispose of same without the consent of the mortgagee," etc.

Article 6841, so far as pertinent to the present inquiry, reads:

"Every deed, mortgage, or other writing, respecting the title of personal property hereafter executed, which by law ought to be recorded, shall be recorded in the clerk's office of the county court of that county in which the property shall remain; and if afterwards the person claiming title under such deed, mortgage, or other writing, shall permit any other person in whose possession such property may be to remove the same, or any part thereof, out of the county in which the same shall be recorded, and shall not, within four months after such removal, cause the same to be recorded in the county to which such property shall be removed, such deed, mortgage, or other writing, for so long as it shall not be recorded in such last-mentioned county, and for so much of the property aforesaid as shall have been removed, shall be void as to all creditors and purchasers thereof for valuable consideration without notice."

[1] A proper disposition of this case is dependent upon the construction to be given to the article from which we have last quoted. Appellant insists, and the evidence very strongly tends to show, that, after the execution and registration of the mortgage in Mitchell county, appellee permitted Pelton to remove the mortgaged stock to Childress county, where it remained for more than four months prior to the levy of appellant's execution, and in which county the mortgage had never been re-recorded. Appellant, at the date of his levy, was undoubtedly a creditor of Pelton's, and it is insisted that, regardless of appellant's knowledge of the mortgage in question, he was entitled to protection under the statute; the contention being that the failure to re-record the mortgage in Childress county renders the mortgage absolutely void as to appellant. This construction has been given to a failure to properly register a mortgage under article 5654, which we first cite. Under that article, it is held to be unimportant whether a creditor have notice or not; registration being essential to give the instrument effect as to them. Brothers v. Mundell, M. & Co., 60 Tex. 240; Keller v. Smalley & Harris, 63 Tex. 519. We think, however, article 6841 must receive a different construction. The language of that article as to property which has been removed without a re-record of the mortgage, as in the present case, is that the mortgage "shall be void as to all creditors and purchasers thereof for valuable consideration without

notice." We think the term "valuable consideration without notice" qualifies not only purchasers but all creditors as well; there being nothing in the act indicating any legislative purpose to distinguish between these classes or persons. Brothers v. Mundell, M. & Co., 60 Tex. 240; Goggan & Bro. v. Synnott, 134 S. W. 1184; Brewing Ass'n v. Mfg. Co., 81 Tex. 99, 16 S. W. 797.

It follows, we think, that the alleged errors relating to special issue No. 1 are immaterial. In other words, it is immaterial that appellee failed to specially deny appellant's verified allegation that he had permitted the removal of the mortgaged property to Childress county and permitted such property to there remain for more than four months. It is also immaterial that the court, in submitting the issue, required a finding that the permission was for a permanent removal. For, if we are right in our construction of the article of the statute relating to the subject, it may be admitted that appellee did permit the removal of the stock, and that he permitted its permanent removal, yet if appellant, as found by the jury, and as the evidence seems to conclusively show, knew of appellee's mortgage, and knew of its proper registration in Mitchell county at the time of his levy and conversion, he was liable for the value of the converted property, which it is undisputed is equal to the amount of the judgment in this case.

[2] Objection was made to appellee's testimony to the effect that he had written appellant, prior to appellant's levy, several letters in which information had been given of the mortgage. The objection was that the letters themselves were the best evidence of their contents, but the rulings are harmless, in view of the fact that appellant himself testified to the receipt of letters from appellee of substantially the same effect, and also further testified that he had first known of the McGill mortgage on the property "about a year or more before the levy of his execution and the sale of the property." Appellee also testified:

"I asked Mr. Biggerstaff if he did not know, at the time he caused this property to be sold under execution, that it was mortgaged to me, and that my mortgage was registered in the office of the county clerk of Mitchell county, and he answered that he did know."

No denial of this testimony is pointed out, and, as before stated, we think it is substantially undisputed that appellant knew of appellee's mortgage at the date of his levy and the sale thereunder. Any error, therefore, incidentally relating to the manner of proving notice, becomes immaterial.

We conclude that the judgment must be affirmed; and it is so ordered.