**BilI THOMPSON, Appellant,**

**v.**

**James ADAMS, Appellee.**

**No. 11914.**

Court of Civil Appeals of Texas, Austin.

May 3, 1972.

Small, Herring, Craig & Werkenthin, Edward C. Small, Austin, for appellant.

Kuykendall & Kuykendall, Kirk Kuykendall, Austin, for appellee.

PHILLIPS, Chief Justice.

Appellant Bill Thompson loaned a pool table to Allen on May 31, 1968. On November 13, 1969 Allen sold the table to Appellee James Adams for a valuable consideration. In May, 1970 Appellant became aware of Adams' possession of the pool table and finally filed suit to recover it on February 10, 1971.

Appellee moved for summary judgment under Tex.Bus. & Commerce Code Art. 24.05 and the Trial Court granted this motion. Appellant has duly perfected his appeal from this judgment.

We affirm.

Art. 24.05 is as follows:

"(a) With respect to a creditor of or purchaser from the possessor of tangible personal property, a pretended loan of tangible personal property is fraudulent,

and the absolute title to the tangible personal property is in the possessor, if

(1) the possessor, or someone claiming under him, has possessed the tangible personal property for two years; and

(2) the lender of the tangible personal property has not, during those two years, made and pursued by law a demand for the tangible personal property."

Appellant contends that since the transaction between him and Allen was a loan title to the pool table remained in Appellant, and that Allen had no title to convey to Adams.

Appellant further contends that Article 24.05 is for the protection of creditors or purchasers from a person in possession of tangible personal property against a pretended loan of the property, of which the creditor or purchaser has no notice. Further, the statute vests "the absolute title" to the tangible personal property in the "possessor" if the possessor, or someone claiming under him, has possessed the property for two years and the lender has not attempted to recover the property by law. Under Appellant's theory creditors or purchasers must be distinguished from possessors. Consequently, the possessor must hold the property for two years before the creditor or purchaser purchases it from him for the statute to be applicable.

Appellant relies for the most part on San Antonio Brewing Ass'n v. Arctic Ice-Machine Mfg. Co., 81 Tex. 99, 16 S.W. 797 (Tex.Com.App.1891, opinion adopted) and Strawn National Bank v. Marchbanks et al, 74 S.W.2d 447 (Tex.Civ.App.1934, writ ref'd). *San Antonio Brewing Ass'n* holds that the original possessor cannot avail himself of the pretended loan statute (then Tex.Rev.Civ.Stat.Ann. art. 2468) against the owner. *Strawn National Bank* discusses the application of Tex.Rev.Civ. Stat.Ann. art. 3999, 1925 [1] (the forerunner

---

1. Former Article 3999 is as follows: "Where any loan of goods or chattels shall be pretended to have been made to

any person with whom, or those claiming under him, possession shall have remained for the space of two years without de-

of our present Article 24.05) and states that the statute was not available to a mortgagee where the possession of the chattel had not remained with the possessor for two years prior to the execution of the mortgage. It is difficult to ascertain from the opinion the length of time the chattels were on loan before the execution of the mortgage, however if there is conflict we follow Hastings v. Kellogg, 36 S.W. 821 (Tex.Civ.App.1896, no writ). *Hastings* held that the statute (then Tex.Rev.Civ.Stat.Ann. art. 2547) applies to a possession held for two years by the loanee or the vendee, or "those claiming under him;" in other words in privity with him.

As early as 1858 in Grumbles v. Sneed, 22 Tex. 565 the Supreme Court construed the statute (a statute similar to Tex.Rev.Civ. Stat.Ann. art. 3999, the immediate predecessor to Article 24.05) and held the two year provision is in the nature of an act of limitation as well as an act having for its object the prevention of frauds and perjuries. That it was intended to compel persons who make loans of goods and chattels "to have the loan declared in such manner that all the world may know what title the possessor has."

*Grumbles* further held that the question of notice is not applicable.

We hold that Sec. 24.05 of the Business and Commerce Code vested absolute title in the property in Adams since the suit was not filed within two years after the loan to Allen. Hastings v. Kellogg, supra. Mitchell et al v. Eagle Creek Oil Co., 275 S.W. 211 (Tex.Civ.App.1925, no writ).

The judgment of the Trial Court is affirmed.

Affirmed.

mand made and pursued by due process of law on the part of the pretended lender . . . the same shall be taken as to the creditors and purchasers, of the persons aforesaid so remaining in possession, to be fraudulent, within this title, and that the absolute property is with the possession . . . "