ALMIRA ROWLAND, Appellant, *v.* LEONIDAS D. WEST,
Respondent.

*Fixtures — a mortgage of chattels and a mortgage of the realty on which they are —
when the filing of a chattel mortgage is notice — wrongful conversion.*

One Wainwright had put into his frame saw-mill an engine and boiler. At this time
there were lying in the woods near by, certain parts of a portable saw-mill, which
were easily adjusted. On August sixth Wainwright gave a chattel mortgage
upon them to the assignor of one West. This was filed the next day. On
August thirtieth, and while the chattels still laid in the woods, Wainwright gave
to one Rowland, who was notified of the existence of the chattel mortgage, a
real estate mortgage, which included the chattels in question.

In an action brought by Rowland against West to recover the damages resulting
from his taking the chattels under his chattel mortgage:

*Held,* that Rowland could not recover.

That the fact that the articles were chattels when the real estate mortgage was
given; that they were subject to the chattel mortgage; that the latter had been
filed, and that Rowland had notice of it, were proper facts for the consideration
of the jury.

That, as Rowland had notice of the chattel mortgage, no agreement with Wain-
wright could convert the chattels into realty to the prejudice of West.

That, upon the facts of the case, the filing of the chattel mortgage in the town clerk's
office was notice to Rowland.

That if the jury believed the testimony given upon the trial, that Rowland knew
of the existence of the chattel mortgage, and overcame Wainwright's scruples,
as to including the same chattels in the real estate mortgage, by assuring him
that the chattel mortgage should be the prior lien, Rowland was a party to the
wrongful conversion of the chattels into realty, and could not take advantage of
her own wrong.

Appeal by the plaintiff Almira Rowland from an order, entered
in the office of the clerk of the county of Yates on the 3d day of
June, 1891, denying her motion for a new trial, after a trial at the
Yates Circuit before the court and a jury, at which a verdict was
rendered in favor of the defendant.

*M. A. Leary,* for the appellant.

*M. J. Sunderlin,* for the respondent.

Dwight, P. J.:

The action was for damage to a freehold by severing therefrom
certain articles of machinery. The contest is a familiar one, between a
mortgagee of the realty and a mortgagee of chattels claimed to have
been affixed thereto.

The freehold was a small piece of land, upon which one Wain-
wright, who was the owner in 1889, built a frame saw-mill set on

blocks, into which he put an engine and boiler and some other machinery, and, later, the articles of machinery mentioned in the complaint. These were two circular saws with their frames and the carriage belonging to one of them, a fly-wheel and a piece of rubber belting. They had been formerly used as parts of a portable saw-mill, and at the time when both the mortgages were given were lying in the woods adjacent to the mill. Such being the situation, on the 6th day of August, 1889, Wainwright gave to one Ludlow a chattel mortgage on the articles in question to secure a debt owing to him. The chattel mortgage was duly filed in the town clerk's office the next day, and was duly assigned, with the notes accompanying it, on the second day of June following.

On the 30th day of August, 1889, and while the chattels in question still lay in the woods, Wainwright gave to the plaintiff, acting by her husband, to secure a debt owing to her, a mortgage of the real estate, which contained, in addition to a description of the land, the following clause : " Together with the mill buildings recently erected on said lands by said party of the first part, and the steam boilers and engine, belts, machinery, saws, planes and implements in and about said building, and belonging to or connected with the business carried on therein and thereabouts, all of which, for the purposes of this mortgage, (it) is understood and agreed shall be considered and held as real property and fixtures annexed to the building." Wainwright testified that when this mortgage was presented to him to be executed he objected to the clause quoted, giving as a reason that the engine and boiler did not belong to him, and that there was a claim on all the old machinery, which comprised the articles mentioned in the complaint ; that this statement was made to the plaintiff's husband and the attorney employed by the latter to draw the papers, and that he, Wainwright, waived his objection only on the assurance by both of those persons that the execution of the new mortgage would make no difference, and that after the old claim was paid up the new mortgage would be good. This testimony was contradicted by Rowland and by the plaintiff, who testified that she was present a part of the time while the business was being done ; but the question was submitted to the jury whether the plaintiff knew, at the time she took her mortgage, that there was a chattel mortgage on this property, and they may be presumed to have given credit to the testimony of Wainwright in this respect.

On default in the payment of the notes secured by the chattel mortgage then held by the defendant he demanded his pay or the property, and Wainwright thereupon, two weeks before the plaintiff's mortgage fell due, took the articles described in the complaint out of the mill and delivered them to the defendant. The plaintiff foreclosed her mortgage when it became due, and became the purchaser on the foreclosure sale; and afterwards brought this action for the injury to the freehold by the removal of the property in question.

In respect to the manner in which that property was attached to the realty the evidence shows that the frames of the two circular saws were fastened to the timbers of the building by screw bolts with burs — that of the slab or cross-cut saw being swung from the timbers overhead; that the carriage of the large circular saw was set (to run back and forth) on a track which lay on the floor joists; that the fly wheel was an extra one slipped on to the crank shaft by the side of the main fly wheel and held in place by set screws, and the belt was, of course, not fastened to anything except that it passed around a wheel and pulley.

These were the material facts upon which the case was submitted to the jury, with instructions, which, we think, were in all respects in accordance with the law. The three tests, of such an annexation of chattels to the freehold as will have the effect to constitute them a part of the realty, were stated very clearly and in accordance with the doctrine of *Voorhees* v. *McGinnis* (48 N. Y., 278) and *McRea* v. *Central National Bank* (66 id., 489), chief importance being ascribed, as in those cases, and especially by RAPALLO, J., in the latter of them, to the fact of the intention with which the annexation is made. And the jury was instructed that the manner in which the chattels were annexed, though not a controlling circumstance, might furnish some evidence to the minds of the jury upon the question of the intention in respect to its permanency, with which the annexation was made.

But the circumstances peculiar to this case also received proper attention at the hands of the court. The fact that the articles of property in question were chattels when the mortgage to the plaintiff was given; that they were already subject to the chattel mortgage of which the defendant became the assignee; that that mortgage had been duly filed so as to be constructive notice to any person who assumed to deal with that property as chattels, and that there was

evidence which tended to show that the plaintiff had actual notice of the chattel mortgage at the time she took her mortgage — all these facts, or the evidence tending to establish them, received just attention and were submitted to the jury with proper instructions as to their effect upon the rights of the parties if found to be established. We regard those facts as conclusive in support of the verdict actually rendered.

The property was chattels only when the plaintiff took her mortgage. It had never been attached to the freehold in question nor to any other. It could not be converted into realty by simply calling it so, nor by an agreement to consider it such. It might, no doubt, be included as chattels in the real estate mortgage, and those chattels might subsequently be annexed to the freehold so as to become a part of the realty and so enure to the benefit of the mortgagee, and that even with the effect of depriving the defendant of the benefit of the prior lien of his chattel mortgage, and to remit him to his remedy against the mortgagor for his wrongful conversion of the chattels into realty. (*Fryatt* v. *Sullivan Co.*, 5 Hill, 116 ; *Voorhees* v. *McGinnis* and *McRae* v. *Central Nat. Bank*, *supra*.) But most clearly this can be done only in favor of one who has no notice, either actual or constructive, of the prior lien. In the case in 5 Hill, which is the leading one, at least in point of time, cited in support of the doctrine that a chattel mortgagee may be deprived of the security upon which he has parted with his money in favor of a subsequent lienor, by the wrongful act of the mortgagor in converting the chattels into realty, it was expressly premised that the taker of the mortgage on the real estate had no notice of the chattel mortgage ; and that fact is as clearly assumed in the other cases cited.

On the question of notice it is undoubtedly true that, so far as the plaintiff was dealing with real estate in taking her mortgage, she was not affected with notice by the filing of the chattel mortgage. As the court said at the circuit, as a purchaser of real estate she need only to inquire at the county clerk's office for liens on real estate, and was not required to extend her inquiry to the town clerk's office in search of chattel mortgages. But the property in question was chattels when it was included in her mortgage, and the town clerk's office is the repository of liens on property of that character. Upon the facts in this case the filing of the defendant's chattel mortgage was notice to the plaintiff that the lien existed. So, too, if the jury believed the testimony of Wainwright, the

plaintiff, by her agents, had actual notice of the claim of the chattel mortgagee, and overcame the scruples of her mortgagor only by assuring him that the former mortgage would hold the prior lien. 'If such was the case, the plaintiff was herself a party to the wrongful conversion of the personal property into realty, and cannot have the benefit of her own wrong.

These views, we think, embrace, in principle, all the points raised by the exceptions taken by the plaintiff on the trial and discussed on this appeal. They lead to an affirmance of the order appealed from.

MACOMBER and LEWIS, JJ., concurred.

Order appealed from denying plaintiff's motion for a new trial affirmed, with costs, and judgment ordered for the defendant on the verdict.