The Simpson Brick Press Company

*v.*

J. H. Wormley.

*Filed at Ottawa November 23, 1896—Rehearing denied May 11, 1897.*

1. Propositions of law—*must not ignore the issues in the case.* Where, in an action of replevin, one of the issues is whether or not the article replevied was a fixture, a proposition of law is properly refused which wholly ignores that issue.

2. Same—*proposition of law must not single out particular evidentiary facts.* A proposition of law holding that, upon certain facts recited, a machine used by a tenant in his business, and so attached by him to the realty that it could be removed without injury thereto, was a trade fixture and personal property, is properly refused, where there are other facts in evidence, ignored by the proposition, bearing upon that question.

*Simpson Brick Press Co.*v.*Wormley,* 61 Ill. App. 460, affirmed.

Appeal from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. Charles Blanchard, Judge, presiding.

The following opinion rendered by the Appellate Court (61 Ill. App. 460) affirming the judgment below contains a full statement of the case:

"This is an action of replevin by appellant, to recover the possession of a brick press which it sold April 29,

1892, to the Millsdale Pressed Brick Company for $2000, under a written agreement containing the following pro-- vision:

" '*Tenth*—It is understood and agreed that the title to and right of possession of said brick press remains vested in the party of the first part, absolutely, until the whole of the purchase price is fully paid by the party of the second part, as herein provided; and it is further under- stood and agreed that the accepting of notes by the said party of the first part as evidence of said indebtedness shall not be taken as payment of said purchase money until said notes are fully paid.'

"The agreement was signed by appellant and by the Millsdale Pressed Brick Company, by R. J. Roberson, president. The machine was shipped from Chicago to Millsdale, Ill., where it was received by Roberson, and placed in a building on land leased by Roberson in his own name, from T. O. Mills and wife. The purchase price was payable in installments, and Roberson paid at dif- ferent times $750, and on August 1, 1892, executed, in the name of the Millsdale Pressed Brick Company, promis- sory notes for the purchase money then unpaid. The machine and premises were used for the manufacture of brick by Roberson until February 24, 1893, when he sold the plant and assigned his lease to appellee for $2840. Roberson was indebted to appellee in the sum of $2700, and that indebtedness was canceled and the balance of $140 was paid in cash. Appellee afterward went into possession, and this suit followed. It was tried by the court without a jury, and there was a finding and judg- ment for appellee.

"The suit was commenced against J. H. Wormley, R. J. Roberson and Millsdale Brick and Tile Company. There was no service of the writ on the defendants, but pleas were filed on behalf of all of them by Hill, Haven & Hill, attorneys. At the trial the appearance and pleas were by leave of court withdrawn as to said Millsdale Brick

and Tile Company and R. J. Roberson, and the case proceeded to trial between the plaintiff and the defendant, J. H. Wormley, without further action as to the other defendants. A reversal is urged on that account, and it is claimed that it was wrong to try the case without a rule on the other defendants to plead, and a default for want of a plea or a dismissal of the suit as to them. As far as the Millsdale Brick and Tile Company was concerned, it was evidently not a natural person and it was not alleged to be a corporation. So far as appears it was not a legal entity at all. The evidence shows that no one but the defendant, Wormley, had any interest in the subject matter of the suit, and he was the only necessary party. If plaintiff wanted other defendants defaulted or its suit dismissed as to them it should have moved for the default or dismissal. The remaining defendant was not charged with any duty in that regard.

"It was a material question at the trial whether the machine had become a part of the real estate. It weighed five and one-fourth tons, and was operated by means of a driving pulley connected by belt with a line shaft receiving the power from an engine. It would not go into the building at the door, and a hole was cut in the building to let it in. An excavation having been made, a foundation of brick walls was built, and it was secured to the foundation with bolts three or four feet long. It was thus actually annexed to the realty and was applied to the uses to which the premises were appropriated—the operation of a brickyard and making brick. But it is said, because the owner was a tenant the machine would be a trade fixture which might be taken away at the end of the term, and therefore it would remain personal property. Such intention was, however, rebutted by the provisions of the lease, by which the machinery was to become an accession to the real estate and was to pass with the reversion to the lessors. We think the machine became a part of the real estate, and the private agree-

ment between plaintiff and Roberson that its character should be different from what it appeared would not change such character as to third parties without notice. *Dobschuetz* v. *Holliday*, 82 Ill. 371; *Fifield* v. *Farmers' Nat. Bank*, 148 id. 163.

"It is also urged that the machine was not included in the sale to defendant because Roberson did not own it, but that it was bought by the Millsdale Pressed Brick Company through him, as president. There was no statement or averment in the affidavit, writ, declaration or. elsewhere that the brick company or brick and tile company was a corporation, and the evidence tends to show that Roberson was doing business under such name. He was all the company there was, and owned the leasehold estate and transferred it to the defendant. The sale of the machine having been made and the possession having passed to the purchaser, the secret lien of plaintiff under this agreement was not valid against subsequent purchasers. (*Chickering* v. *Bastress*, 130 Ill. 206; *Fifield* v. *Farmers' Nat. Bank, supra.*) The defendant was a *bona fide* purchaser without notice of the secret lien. He denied any knowledge on that subject, and the court was justified in finding that he had none."

MCKENZIE CLELAND, for appellant.

HILL, HAVEN & HILL, for appellee.

Per CURIAM: This action of replevin was tried in the circuit court of Will county without a jury, by agreement of the parties. The judgment for the defendant has been affirmed by the Appellate Court.

Appellant, on the appeal here, has addressed his argument, to a considerable extent, to questions of fact which have been finally settled. No error in the admission or exclusion of evidence is insisted upon or pointed out. The only question we are called upon or permitted to determine is, whether or not the trial court erred in

refusing to hold as law in the decision of the case the following propositions submitted by appellant, viz.:

1. "The court holds that there is no evidence in this case showing, or tending to show, that the Millsdale Pressed Brick Company ever conveyed the property described in the declaration to R. J. Roberson.

2. "That if the Simpson Press Brick Company sold the property in question to the Millsdale Press Brick Company, taking the contract of sale offered in evidence, and Roberson, president of the latter company, appropriated said property to his own use, and sold or attempted to sell it to Wormley, then, if Wormley had knowledge of said written contract, or such notice as would put him upon inquiry which would have led to such knowledge, he cannot hold the property in question in this suit.

3. "That if the machine in question was placed in a brickyard by a tenant of the owner of the land for the purpose of making brick, and was fastened by being set down over four bolts, so that it could be removed by taking off the burrs of said bolts and lifting the machine therefrom without injury to the real estate, it was, in law, a trade fixture and personal property.

4. "That the written contract of sale between the plaintiff and the Simpson Press Brick Company offered in evidence in this case was and is a valid contract between the parties thereto, and if the Simpson Press Brick Company never parted with its title to the same by conveyance or otherwise, then no party who was not a creditor of or innocent purchaser for value from the Simpson Press Brick Company could acquire title to the property in question as against the plaintiff."

We think no error was committed. The first proposition was marked "held, but immaterial." If, as seems to have been held upon the facts, Roberson and the company were one and the same, there could have been no conveyance by one to the other.

As to the second proposition, waiving the question of uncertainty, which arises from the language used, as to the time when Wormley had the supposed knowledge or notice of the contract,—whether before or after the assignment of the lease to him,—the proposition wholly ignored the issue joined on the fourth plea, which plea alleged that at the time of the commencement of the suit the machine was permanently attached to and was a part of the leasehold estate, and not goods and chattels subject to replevin.

The third proposition was also properly refused. Whether the machine was a trade fixture or not might depend on many other facts than such as are recited in this proposition, and there were other facts bearing upon that question in evidence before the court when the proposition was refused.

It is unnecessary to consider the fourth proposition. In the confusion of names mentioned in it, it is practically impossible to tell what the court was asked to hold.

The judgment is affirmed.    *Judgment affirmed.*

Mr. JUSTICE CARTWRIGHT took no part.