### WATSON *v.* ALBERTS.

CONDITIONAL SALE—BONA FIDE PURCHASER—FIXTURES.

> A *bona fide* purchaser of land, and of a permanent distillery plant thereon, acquires title to a steam pump attached to the distillery, as against one who sold the pump, knowing it was to be so attached, under a contract providing that title should remain in the seller until payment of the price.

Error to Muskegon; Russell, J. Submitted April 19, 1899. Decided July 5, 1899.

Trover by William G. Watson and others against Silas L. Alberts and another. From a judgment for defendants on verdict directed by the court, plaintiffs bring error. Affirmed.

Plaintiffs sold to one Minnick a steam pump, to be used by him in a peppermint distillery on his farm. It was sold on credit, the title to remain in plaintiffs until the

price ($50) was paid. It was attached to a drive-wheel, and connected by a steam-pipe to the boiler; was fastened to a plank, which rested on timbers set in the ground. The pump and the entire distillery plant was in a permanent building. · Defendants bought Minnick's farm and distillery in good faith, without notice or knowledge of plaintiffs' claim, and believing that the pump was a part of the realty.

*A. S. Hinds* (*Arthur Jones*, of counsel), for appellants.

*Stephen H. Clink*, for appellees.

GRANT, C. J. (*after stating the facts*). The property was sold to be attached to the distillery, and plaintiffs so understood it. It was so attached, and was sold by Minnick, as a part of the realty, to defendants, who were *bona fide* purchasers. The case is ruled by *Wickes Bros.* v. *Hill*, 115 Mich. 333.

Judgment affirmed.

The other Justices concurred.