COLWELL LEAD CO. v. HOME TITLE INS. CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. December 6, 1912.)

1. PLEADING (§ 217*)—DEMURRER—EFFECT OF SEARCHING PLEADINGS.

A demurrer searches the pleadings, and if the plaintiff, on the facts alleged in his complaint and in the separate defenses pleaded thereto, has no title to the property for the conversion of which he seeks to recover, his demurrers to such special defenses should be overruled.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 540–548; Dec. Dig. § 217.*]

2. SALES (§ 480*)—CONDITION OF SALE—REMEDIES OF SELLER—CONVERSION.

Plaintiff furnished to the owner and installed in his premises certain bathroom and plumbing fittings, described in a conditional bill of sale, under which he retained the right to reclaim the fittings, and preserved such right by filing the conditional bill of sale, as required by Personal Property Law (Consol. Laws 1909, c. 41) §§ 62, 64, and defendant bought in the premises at a foreclosure sale, at a time when such recorded bill of sale was in full force and charged it with notice of the seller's rights, and thereafter conveyed the premises to a third person. *Held*, in the seller's action for conversion, that by virtue of the conditional bill of sale the fittings remained personal property, which had not passed to defendant by the foreclosure deed, and that, while defendant might sell and convey the premises, it was, after demand and refusal, liable for their conversion, unless its grantee was with notice and did not take good title.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1439–1448; Dec. Dig. § 480.*]

3. VENDOR AND PURCHASER (§ 239*)—BONA FIDE PURCHASER—STATUTES—FIXTURES.

Under Personal Property Law (Consol. Laws 1909, c. 41) § 64, which provides that a contract for the conditional sale of goods attached to a building shall be invalid as against subsequent purchasers or mortgagees in good faith of the premises on which such buildings stand, after the expiration of one year, unless within 30 days preceding the expiration of such time the seller files a renewal statement, a subsequent purchaser without actual or constructive notice takes a good title as against the seller.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 583–600; Dec. Dig. § 239.*]

Appeal from Special Term, New York County.

Action by the Colwell Lead Company against the Home Title Insurance Company of New York. From an interlocutory judgment sustaining plaintiff's demurrer to three separate defenses, defendant appeals. Affirmed, with leave to defendant to serve an amended answer.

See, also, 138 N. Y. Supp. 744.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Harry Percy David, of Brooklyn, for appellant.

Robert B. Honeyman, of New York City, for respondent.

LAUGHLIN, J. The plaintiff alleges that on or about the 1st day of October, 1910, at the special instance and request of one Cervadora,

the owner of certain premises situated at the southwest corner of Maple and East Forty-Eighth streets, borough of Brooklyn, New York, it furnished and delivered certain bathroom and plumbing fixtures, described in a conditional bill of sale, a copy of which was annexed to the complaint, of the agreed price and value of $1,700, to be installed, and which were installed, in the building on said premises; that prior to the delivery of the fixtures the conditional bill of sale, bearing date the 27th day of September, 1911 (evidently 1910 was meant, for its execution in the month of September, 1910, was duly certified, and it was filed the same month), was executed, and was duly filed with the register of the county of Kings on the 30th day of September, 1910; that prior thereto, and on the 17th day of February, 1910, the owner had executed and delivered to the defendant six mortgages on said premises as security for an indebtedness due from him to it; that on or about the 24th day of January, 1911, the defendant brought six actions to foreclose said mortgages, and, pursuant to decrees of the court duly made therein, the premises were sold at public auction on or about the 15th day of September, 1911, and bid in by the defendant, to whom the referee duly executed deeds thereof on the 25th day of September, 1911, whereupon the defendant entered into the possession of the premises, and, on or about the 3d day of November thereafter, with full knowledge of the conditional bill of sale and of the fact that the fixtures had not been paid for, and without the consent and authority of the plaintiff, "sold and delivered said fixtures to one Andrew Guisepe"; that plaintiff has duly demanded of the defendant the return and possession of the fixtures, which has been refused; and that the defendant claims title thereto. Judgment is demanded for the value of the fixtures, on the ground that they were unlawfully converted.

By the conditional bill of sale it appears that the bathroom and plumbing fixtures, which the plaintiff sold to the owner of the premises, who was the mortgagor, and which were installed in said building, consisted of one dozen toilet closets, and the same number of galvanized sinks, of cement trays, of lavatories, of bath tubs, and of hot-water boilers all complete; but it was therein provided that the fixtures were to remain and continue to be the property of the plaintiff, and that the title should not pass from it until full payment of the purchase price, at which time the plaintiff was to execute an absolute bill of sale of the fixtures. It is not alleged in the complaint that the plaintiff was made a party defendant in the foreclosure actions.

The amended answer puts in issue many of the material allegations of the complaint, including the allegation that the plaintiff sold and delivered the fixtures; but there is no denial of any of the material allegations of the complaint in any of the separate defenses, and therefore, for the purposes of determining the sufficiency thereof, the allegations of the complaint must be accepted as true. The defendant alleges for a *first* separate defense that the mortgages were given pursuant to a building loan agreement, and that the indebtedness secured by each mortgage was represented by a bond; that the building loan was made with reference to plans and specifications for the construc-

tion of the building on these premises, including fixtures of the character of those described in the complaint, and, in effect, that as between the mortgagor and mortgagee the mortgages were to cover such fixtures; that the plaintiff was duly made a party defendant in the foreclosure actions, and that the summonses and complaints therein were duly served upon it and upon the owner, and that the plaintiff duly appeared therein by attorney, but made default in pleading; that it was alleged in each of the complaints in the foreclosure actions that all of the defendants "have or claim to have some interest in or lien upon the said mortgaged premises, or some part thereof, which interest or lien, if any, has accrued subsequently to the lien of said mortgage, and is subject and subordinate thereto," and judgment was demanded that the defendants therein be barred and foreclosed "of all right, claim, lien, and equity of redemption in the said mortgaged premises," and the judgments so provided; that notice of the sale was duly advertised, and duly served upon the attorney for this plaintiff as a defendant in the foreclosure action, and that the premises were sold at public auction to the highest bidder, and were bid in by the mortgagee, the defendant herein, and it received the referee's deed, and thereafter, and on the 3d day of November, 1911, executed and delivered "its bargain and sale deed in the statutory short form" to one De Guiseppe, "conveying the real property mentioned in the complaint"; and that prior to such conveyance no demand for the return of the fixtures was made by the plaintiff upon the defendant, and that the defendant was not a party to the bill of sale and did not consent thereto. For a *second* separate defense the defendant alleges, by reference, all of the facts alleged in its first defense, excepting the fact that it did not execute or consent to the execution of the conditional bill of sale; and for a *third* separate defense it alleges, by reference, all the facts alleged in the second defense, and further, in substance, that no renewal of the conditional bill of sale was filed in the office of the register of the county of Kings within 30 days of the expiration of the term of one year from the time the original was filed.

[1] I am of opinion that the defenses to which the demurrer relates are insufficient. As already observed, there is no denial in any of them that the defendant sold the fixtures as alleged in the complaint. If defendant did sell them, as it thus admitted, it is liable for conversion unless the foreclosure judgments cut off plaintiff's title. If, on the facts alleged in the complaint and in these separate defenses, the plaintiff lost title to the property, then the demurrers should have been overruled; for a demurrer searches the pleadings, and on that theory the complaint would not state a cause of action.

The decision of the appeal depends mainly upon the construction of sections 62 and 64 of the Personal Property Law (chapter 45, Laws 1909, being chapter 41 of the Consolidated Laws), and we are without precedent to aid us. Section 62 of the Personal Property Law declares, in effect, that every agreement by which it is attempted to retain the title to personal property in the vendor after delivery *shall be void* as against subsequent purchasers, pledgees, or mortgagees in

good faith, and that as to them *such sales shall be deemed absolute* unless the contract, or a true copy thereof, be filed as required by the provisions of the article in which said section is contained, and unless . "the other provisions of the lien law applicable to such contracts are duly complied with," and further provides, among other things, as follows:

"Every such contract for the conditional sale of any goods and chattels attached, or to be attached to a building, shall be void as against subsequent bona fide purchasers or incumbrancers of the premises on which said building stands, and as to them the sale shall be deemed absolute, unless, on or before the date of the delivery of such goods or chattels at such building, such contract shall have been duly and properly filed and indexed as directed in this article and unless said contract shall contain a brief description, sufficient for identification, of the premises which said building occupies, or upon which said building stands, and if in a city or village its location by street number, if known, and if in a city or county where the block system of recording and indexing conveyances is in use, the section and block within which it is located."

Section 64 of the Personal Property Law provides for the indorsement, entry, refiling, *and discharge of contracts* for the conditional sale of "goods and chattels, attached or to be attached to a building," and provides, among other things, that the officer with whom the contract is filed shall "enter" the future contingency or event required to occur before the ownership of the goods and chattels shall pass, the amount due and time when due, and shall enter in a book provided for that purpose "in separate columns, the names of all the parties to each contract so filed, arranged in alphabetical order, under the head of 'Vendees' and 'Vendors,' the number of such contract and the date of the filing thereof, and under a column headed 'Property,' they shall enter a brief description sufficient for identification of the land upon which said building stands, and if in a city or village, its location by street and number, if known, and if in a city or county where the block system of recording and indexing conveyances is in use, the section and block in which the said land is situated," and shall keep an index "so as to afford correct and easy reference to the books containing the entries in regard to such last-named contracts." Said section further provides with respect to such contracts as follows:

"A contract for the conditional sale of goods and chattels, attached or to be attached to a building, shall be invalid as against creditors of the conditional vendee and against subsequent purchasers or mortgagees in good faith of such goods and chattels or of the premises upon which the said building stands, after the expiration of the first or any succeeding term of one year, reckoning from the time of the first filing, unless (1) within thirty days preceding the expiration of such term a statement containing a description of such contract, the names of the parties, the time when and place where filed, the interest of the conditional vendor or of any person who has succeeded to his interest in the property, claimed by virtue thereof; or (2) a copy of such contract and its indorsements, together with a statement attached thereto or indorsed thereon, showing the interest of the conditional vendor or of any person who has succeeded to his interest in the contract, is filed in the office where the contract was originally required to be filed; and the officer with whom the contract was originally filed shall enter, in a separate column, in the book above provided for, in a column headed 'Date of Refiling,' the date of the refiling of the said contract. * * * Upon the title to the goods and chattels affected by any such last-mentioned contract be-

coming absolute in the conditional vendee or his successor in interest by the payment of the full consideration for which any such contract was made, the conditional vendor, his assignee or legal representative, upon the request of the conditional vendee or of any person interested in the property covered by such contract, must sign and acknowledge a certificate setting forth such payment. The officer with whom such contract is filed must, on receipt of such certificate, file the same in his office and write the word 'discharged' in the book where the contract is entered, opposite the entry thereof, and the contract is thereby discharged."

[2] In behalf of the appellant it is contended in effect that the respondent is concluded by the judgments in the foreclosure actions, and that, having failed to set up and establish its title therein and have the premises sold subject to its rights, or with a provision by which the indebtedness to it should be paid out of the proceeds of sale, it has lost title, and cannot maintain an action for conversion. In behalf of the respondent attention is drawn to the authorities which hold that where a prior lienor is joined as a party defendant, and it is merely alleged generally in the complaint, as in the case at bar, that he has or claims to have a lien, which lien, if any, is subordinate to the rights of the plaintiff, and without any allegation challenging his rights as they appear of record, his lien will not be affected by the decree, even though he makes default in pleading or fails to establish the priority of his lien. See Jacobi v. Mickle, 144 N. Y. 237, 39 N. E. 66; Emigrant Industrial Savings Bank v. Goldman, 75 N. Y. 127; Goebel v. Iffla, 111 N. Y. 170, 18 N. E. 649; Cromwell v. McLean, 123 N. Y. 474. And it is contended on those authorities that the rights of the respondent were not affected by the decrees in the foreclosure actions, for they had been preserved as required by the statute. In Fitzgibbons Boiler Company v. Manhasset Realty Corporation, 125 App. Div. 764, 110 N. Y. Supp. 225, where fixtures consisting of steam-heating boilers were sold and installed in a building under a conditional bill of sale, by which the title was to remain in the vendor until full payment of the purchase price should be made, and he was at liberty to remove the boilers if default should be made in such payment, this court held by a majority vote that a purchaser for full value and without notice acquired good title as against the vendor of the fixtures. Mr. Justice Scott dissented from that decision upon the ground that, owing to the provisions of the conditional bill of sale, the fixtures never lost their character as personal property, and that title thereto did not pass with the real estate, and that, therefore, the failure by the innocent purchaser of the premises to deliver the fixtures to the vendor on demand constituted a conversion thereof, and the Court of Appeals reversed our decision on the dissenting opinion. 198 N. Y. 517, 92 N. E. 1084.

The only difference between the conditional bill of sale in that case and in the case at bar is that this conditional bill of sale contains no express provision authorizing the vendor to take possession of the fixtures. I am of opinion, however, that that does not distinguish the case; for it is manifest that, while the vendor retained the title, it had the right to reclaim the fixtures. The facts in Fitzgibbons Boiler Company v. Manhasset Realty Company, supra, were quite like those in the case at bar. In that case there was a mortgage on the premises

when the fixtures were installed, and it was foreclosed, and the mortgagee bid in the premises and conveyed them to the defendant, who took title without notice or knowledge of the conditional bill of sale; but it did not appear that the conditional vendor in that case was made a party to the foreclosure action. I am of opinion that the plaintiff's title was not affected by the decree in the foreclosure actions. The conditional bill of sale was in full force at that time, and the statutory provisions with respect to filing it had been complied with. The purchaser at the foreclosure sale was therefore chargeable with notice of it. By virtue of the conditional bill of sale the fixtures remained personal property, and they did not pass by the referee's deeds on the foreclosure of the mortgages. The fixtures were installed in the premises for use. The owner or other person lawfully in possession would not be guilty of conversion for using them.

I am of opinion that neither the owner of the premises nor the purchaser on the foreclosure sale was under any obligation to remove the fixtures and redeliver them to the plaintiff. They might well await a demand on the part of the plaintiff for the return of the fixtures. It would seem to follow that the defendant had a right, not only to use the fixtures, but to sell the premises at any time, and the mere conveyance of the realty would not constitute a conversion, unless by the conveyance its grantee acquired title to the fixtures. The original filing of the conditional bill of sale was not notice to the defendant's grantee, for the statutory steps required to renew it at the expiration of the year had not been taken. The year having thus expired, by virtue of the provisions of sections 62 and 64 of the Personal Property Law the sale of the fixtures by the plaintiff is deemed to have been absolute unless the grantee of the defendant had actual notice of the conditional bill of sale, and with respect to this there is no allegation either in the complaint or in any of the separate defenses. The allegation that the defendant sold the fixtures, therefore, is not destroyed by the other allegations of the complaint with respect to the conveyance of the premises, and since it is not denied in the separate defenses they are insufficient. When the transactions involved in Fitzgibbons Boiler Co. v. Manhasset Realty Corporation, supra, occurred, the statute did not provide for filing such conditional bills of sale, or contain the declaration that in the absence of such filing and removal the sale should be deemed absolute as to subsequent purchasers or lienors without notice.

[3] Were it not for those changes in the statute, it would seem that under the decision in the Fitzgibbons Co. Case, supra, the plaintiff could not be divested of title by a transfer of the premises to an innocent purchaser; but in view of the amendments to the statute it would seem quite clear that the defendant's grantee took good title to the fixtures, if it purchased without actual notice of the conditional bill of sale, as owing to plaintiff's failure to renew the filing a purchaser was not chargeable with constructive notice.

It follows that the interlocutory judgment should be affirmed, with costs, with leave to the defendant to serve an amended answer, on payment of costs in this court and in the court below. All concur.