COLWELL LEAD CO. v. HOME TITLE INS. CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. December 6, 1912.)

1. PLEADING (§ 257*)—AMENDMENT OF PLEADING—ORIGINAL GENERAL DENIAL.

Where defendant's rights may be fully protected under his original denial of every allegation of the complaint sought to be denied by its proposed amended plea, the amendment of the second denial is not necessary, and should not be allowed merely to render the separate defenses, formerly interposed, good on demurrer, if otherwise they would be insufficient.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 764; Dec. Dig. § 257.*]

2. PLEADING (§ 257*)—AMENDMENT OF PLEADING—SUBJECT-MATTER AND GROUNDS IN GENERAL.

In an action for conversion of plumbing fittings attached to a building, after the separate defenses had been held bad on demurrer, because not denying conversion, leaving defendant's liability dependent on the fact whether its grantee took with notice of plaintiff's rights under its conditional bill of sale, defendant, under leave, moved to amend by adding an allegation that its demand for relief in the foreclosure suit, by which it took the buildings, was that they be sold according to law, and the money brought into court; that the fittings were firmly annexed to the building, and so intended, and that their removal would seriously damage the buildings; also that it did not know, at the time it thereafter conveyed the premises, whether the plaintiff's conditional bill of sale had been filed, or whether its grantee knew of its existence, and that plaintiff's only demand had been upon it; that there had been no attempt to remove the fittings, and no action to recover possession; that there had been no demand on it for payment for the fittings, and that it did not take possession of, or sell, them. Held, in view of the facts provable under defendant's general denial of the conversion, that the proposed amendment was properly refused, as allegations contained in the proposed amended answer were immaterial.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 764; Dec. Dig. § 257.*]

Appeal from Special Term, New York County.

Action by the Colwell Lead Company against the Home Title Insurance Company of New York. From an order denying defendant's motion to amend an interlocutory judgment herein, the appeal from which will be decided concurrently with this appeal, so as to give it leave to interpose an amended answer, defendant appeals. Order affirmed.

See, also, 138 N. Y. Supp. 738.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Harry Percy David, of Brooklyn, for appellant.

Robert B. Honeyman, of New York City, for respondent.

LAUGHLIN, J. The facts presented by the original pleadings are sufficiently stated in our opinion on the other appeal. 138 N. Y. Supp. 738. It only remains to consider the effect of the changes that would be made in the pleading by the proposed amended answer.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] The defendant desires to substitute, for the three separate defenses to which a demurrer was interposed, a single separate defense, which, at the outset, puts in issue certain of the material allegations of the complaint, and particularly those charging it with conversion. The defendant's rights may be fully protected under the original denial of every allegation of the complaint sought to be denied by the proposed amended pleading, and therefore the amendment inserting a second denial, in part, is not necessary, and it should not be allowed merely to render the separate defense invulnerable to a demurrer, if otherwise it would be insufficient.

[2] The defendant also adds an allegation to the effect that the demand for relief in the foreclosure action was that the mortgaged premises be sold according to law and that the moneys raised therefrom be brought into court. Those allegations, if not superfluous, are immaterial. It also desires to allege that the fixtures were firmly and permanently and strongly attached to and annexed to the buildings, and that the plaintiff intended that they should be so attached, and that their removal would seriously damage the buildings. I fail to see how proof of those allegations would materially change the case, since, as we are holding on the other appeal, the purchaser at the foreclosure sale was chargeable with notice of the plaintiff's title and took subject thereto. The defendant also desires to allege that it did not know, at the time it conveyed the premises, whether or not the conditional bill of sale had been refiled, or whether or not its grantee knew of the existence of the conditional bill of sale, or had notice thereof, and that the only demand made by the plaintiff for the return of the fixtures has been upon the defendant, and that there has been no attempt to remove them from the building, and no action to recover possession thereof has been brought. These allegations add nothing material. As shown by our other opinion, the only fact that could possibly relieve the defendant from liability for conversion would be that its grantee took title with notice of the plaintiff's rights under the conditional bill of sale. The facts with respect to that may be shown on the issue raised by the denial of the allegations charging conversion.

The defendant also proposes to add, to the allegation that no demand was made upon it, before it conveyed the premises, for the *return* of the fixtures, an allegation that no demand was made upon it for *payment* for the fixtures, and to insert an additional paragraph to the effect that it did not sell the fixtures, and never took possession thereof, or exercised any right of ownership over the same. These facts, so far as material, are provable under the issue with respect to whether or not the defendant converted the fixtures. These are the only additional allegations contained in the proposed amended answer.

It follows that the order denying the amendment should be affirmed, with $10 costs and disbursements. All concur.