STELLA FOREMAN, Plaintiff, *v.* NORDON CONSTRUCTION COMPANY and Others, Defendants, Impleaded with STATE BANK, Respondent.

EDWARD S. FOWLER, Referee, Appellant.    (Action No. 1.)

Second Department, March 26, 1915.

Foreclosure — fixtures — conditional sale — effect of filing of contract — foreclosure sale.

Where a conditional bill of sale of chattels affixed to real property has been filed as required by the Personal Property Law, a purchaser of the realty on foreclosure is chargeable with notice thereof, and hence the referee on the foreclosure sale should not allow him the amount unpaid on the fixtures, but should pay the same over to the proper depositary for the benefit of a junior mortgagee.

APPEAL by Edward S. Fowler, referee, from an order of the Supreme Court, made at the Queens County Special Term and entered in the office of the clerk of the county of Queens on the 1st day of March 1915, ordering him to pay to the chamberlain of the city of New York the sum of $140, with interest thereon.

*Alfred T. Davison,* for the appellant.

*Joseph J. Schwartz,* for the respondent.

Order affirmed, without costs, on the opinion of Mr. Justice JAYCOX at Special Term.

JENKS, P. J., BURR, CARR, RICH and PUTNAM, JJ., concurred.

The following is the opinion delivered at Special Term:

JAYCOX, J.:

These actions were brought to foreclose certain mortgages upon the premises described in the complaint. The moving party herein, the State Bank, holds a subsequent mortgage upon the premises and claims to be entitled to the surplus arising upon the sale. After the sale had been had herein the referee states that he ascertained that there were on file in the office of the county clerk of the county of Queens two condi-

tional bills of sale covering the heating apparatus installed in the three houses sold pursuant to the judgments in those actions and covering the gas fixtures installed or to be installed in seven houses, including the three houses sold; that the purchaser claimed to be entitled to have allowed to him the amount unpaid for the fixtures and ranges above mentioned in the houses purchased by him; that such claim was allowed, and $140 allowed in one action and $280 in the other. The State Bank now brings this motion to compel the referee to pay over to the city chamberlain the amount which he allowed for such fixtures. It is entitled to the relief prayed for. If the conditional bill of sale was filed, as required by the Personal Property Law (Consol. Laws, chap. 41 [Laws of 1909, chap. 45], § 62) that was notice to the purchaser, and he obtained no title to the chattels in question. This was the purpose of the act to require the filing of the contract in question so that purchasers need not depend upon appearances, but could ascertain by examination of the records whether the fixtures were subject to a conditional bill of sale or not. This is assuming that the method of annexation would have made the articles above mentioned a portion of the real estate if the contract of conditional sale had not been filed. If the method of annexation did not make them a portion of the real estate, then the purchaser would not have obtained any title in any event. (*Central Union Gas Co.* v. *Browning,* 210 N. Y. 10.) As the conditional bill of sale had been filed, however, the articles in question remained personal property and title did not pass to the purchaser of the premises on the foreclosure of the mortgage. (*Colwell Lead Co.* v. *Home Title Ins. Co., No. 1,* 154 App. Div. 83.) I can see no basis upon which the allowance by the referee can be justified in any event. If the articles in question became part of the real estate, then title passed to the purchaser and his claim was superior to that of the vendor. If they did not become part of the real estate, then the title did not pass to the purchaser under the foreclosure sale and he had no claim upon them. In either event he would be entitled to no allowance. Motion is, therefore, granted, without costs.