## Touchstone Live Stock Company v. Easters.

Atkinson, J. 1. Section 1 of the act of 1889 (Ga. L. 1889, p. 106) as embodied in the Civil Code, § 3320, declares: "Deeds, mortgages, and liens of all kinds, which are now required by law to be recorded in the office of the clerk of the superior court of each county within a specified time, shall, as against the interests of third parties acting in good faith and without notice, who may have acquired a transfer or lien binding the same property, take effect only from the time they are filed for record in the clerk's office. And the said clerk is required to keep a docket for such filing, showing the day and hour thereof, which docket shall be open for examination and inspection as other records of his office." *Held:*

(a) This law does not restrict the clerk of the court to the keeping of only one book in which to make the prescribed entry as to filing for record of papers of the kinds specified in the law. If the clerk keeps one book as part of his docket, in which are entered notations of filing for record of deeds and mortgages and other liens on realty which show the day and hour of filing, and another book as part of his docket in which are entered notations of filing for record of deeds and mortgages and other liens on personalty, both books will constitute the docket; and an entry of filing which states the day and hour of filing, made in either book, of an instrument retaining title in a vendor as security for the purchase-price of personalty and also creating a mortgage on realty by the purchaser as additional security for such purchase-price, will comply with the statute.

(b) Where there are two books as indicated above, an entry, in the book relating to personalty, of an instrument of the character above described, which states the day and hour of the filing, will be sufficient relatively to the mortgage clause as to realty, and will be notice to a subsequent purchaser of the realty, although no such entry is made in the other book.

2. The lien of the mortgage on the realty will be effective as against subsequent purchasers from the mortgagor, from the date of the filing. *Durrence* v. *Northern National Bank*, 117 *Ga.* 385, 386 (43 S. E. 726); *Merchants & Mechanics Bank* v. *Beard*, 162 *Ga.* 446 (5) (134 S. E. 107); *Willie* v. *Hines-Yellon Lumber Co.*, 167 *Ga.* 883 (5) (146 S. E. 901).

3. The judge erred in finding for the claimant.

*Judgment reversed. All the Justices concur, except Russell, C. J., and Hines, J., who dissent.*

No. 7868. February 28, 1931.

*Smith & Ferguson,* for plaintiff.
*A. D. Tucker* and *E. R. Smith,* for defendant.