SHIPPEN *v.* GEORGIA POWER COMPANY *et al.*

No. 8306. JUNE 13, 1931.

*Clark Ray, Roy S. Drennan,* and *R. B. Giles,* for plaintiff.

*Colquitt, Parker, Troutman & Arkwright* and *Ray Williams,* for defendants.

SEARCY, J. The record discloses the following facts: The Georgia Power Company sold to H. R. Wagar certain kitchen and refrigeration equipment, and this was installed in an apartment-house belonging to Wagar. There was executed and delivered to Georgia Power Company by Wagar, at the time of this sale, a contract in writing setting forth the terms of sale and reserving title to this equipment in the Georgia Power Company until the purchase-price thereof was fully paid. On October 29, 1928, this contract was filed for record in the clerk's office of Fulton superior court, and its filing was entered on the index, or filing docket, kept by the clerk for the purpose of showing mortgages and other papers relating to personal property, and was not entered on the index, or filing docket, showing mortgages and other papers relating to real estate. Thereafter, on March 1, 1929, Wagar sold the apartment-house to

Mrs. Rosa Belle Morris, conveying the same by warranty deed which contained this recital: "Party of the second part also assumes and agrees to pay a series of monthly notes in the aggregate amount of $4140.00 at the present time, due for the refrigeration equipment located in the building on the said property above described." In turn, the grantee in the deed, Rosa Belle Morris, executed and delivered to Modern Apartments Inc. a warranty deed to secure the unpaid balance of the purchase-price of the apartment; and the security deed contained the following recital: "And also subject to a series of monthly notes in the aggregate amount of $3743.00 at the present time, due for the refrigeration equipment located in the building on said property described above." The only refrigeration equipment in this building located on the described premises was that sold to Wagar by Georgia Power Company and described in the contract above referred to, retaining title thereto in Georgia Power Company until the purchase-price was paid in full.

On June 17, 1929, Modern Apartments Inc. sold and transferred the notes and security deed held by it to A. N. Canton, who in turn sold and transferred the same to his wife, Mrs. Eleanor L. Canton. Mrs. Rosa Belle Morris, maker of the notes, defaulted in payment of them, and Mrs. Canton foreclosed under the security deed held by her and purchased the property at the foreclosure sale. Thereafter Mrs. Canton, by warranty deed dated November 28, 1930, sold the property to W. H. Shippen, the plaintiff in error. The Georgia Power Company sued Wagar on the contract for the purchase of the equipment therein described, and obtained a general judgment against him in the municipal court of Atlanta. Execution duly issued on this judgment, and the marshal of said court was preparing to levy it on property pointed out by defendant in fi. fa., being the equipment described in the aforesaid contract and located in the building on the premises described in the aforesaid deeds.

Thereupon the plaintiff in error filed this petition in Fulton superior court, and obtained an order restraining Georgia Power Company and the marshal of the municipal court from proceeding to levy upon and sell said equipment. An answer to this petition was filed by Georgia Power Company; and the issues raised, by consent of all parties, were submitted to the judge presiding without the intervention of a jury. The pleadings and the evidence

raised the following issues: (1) Was the equipment so attached to the realty as to become a part of it, under the rule that personalty when attached to the realty becomes a part of it? (2) If the equipment was so attached, was the plaintiff in error charged with notice of the retention of title to it by defendant in error under the aforesaid contract of purchase, either (a) by the record of said contract or (b) by the recitals in the deeds under which he held title to said realty? The trial judge found against the plaintiff in error and refused an injunction. A motion for new trial was filed, and upon the hearing it was overruled. Exception was taken to this judgment.

1. The pleadings made an issue of fact as to whether the equipment involved was, or was not, attached to the realty. The evidence on this issue was in conflict. There was sufficient evidence that supports the contention of defendant in error that this equipment was not attached to the realty in a manner so as to make it a part thereof and thereby destroy its identity as personalty.

2. (a) Under the rule laid down in *Touchstone Live Stock Co. v. Easters,* 172 *Ga.* 454 (157 S. E. 683), the record of this contract, and notation of it on the index relating to personal property, by the clerk of the superior court of Fulton County in his office afforded ample constructive notice to the plaintiff in error of the outstanding contract reserving title in defendant in error to the said equipment contained in the building located on the premises bought by him. And this is true whether said property retained its identity as personalty or became merged into and a part of the realty.

(b) The recitals in the deeds quoted in the foregoing statement of facts were sufficient to put the plaintiff in error upon inquiry as to the character of the claim outstanding against the equipment mentioned and contained in the house located on premises he was then about to purchase. An inquiry made by the prospective purchaser of defendant in error, or an examination by him of the public records of the county, would have resulted in the discovery of this unpaid retention-of-title contract. Civil Code, § 4530. It follows that the trial judge did not err in the judgment rendered by him and in refusing a new trial.

*Judgment affirmed. Beck, P. J., and Eve, Gardner, and Moseley, JJ., concur.*