## LASCH *v.* COLUMBUS HEATING & VENTILATING COMPANY.

No. 8650.   MARCH 16, 1932.

*Ralph Williams* and *Jones, Evins, Powers & Jones,* for plaintiff in error.

*Charles G. Bruce,* contra.

HINES, J. ■ As we view the question, the above decisions of the first division of the Court of Appeals clearly conflict with the above decision of the second division of that court. We are of the opinion that the decisions of the first division of the Court of Appeals announce the true law upon the question involved. These decisions accord with the rulings of this court. *Columbus Heating & Ventilating Co.* v. *Burt,* 166 *Ga.* 158 (142 S. E. 551); *Wofford Oil Co.* v. *Weems-Fuller Co.,* 166 *Ga.* 173 (142 S. E. 887); *Touchstone Live Stock Co.* v. *Easters,* 172 *Ga.* 454 (157 S. E. 683); *Shippen* v. *Georgia Power Co.,* 172 *Ga.* 913 (159 S. E. 268). The identical question involved in this case was decided in the case last cited. In the present case we are asked to review and reverse the decision in that case. As the decision in that case was not by a full bench, it can be reviewed and reversed without the concurrence of all the Justices of this court, if such concurrence is necessary to reverse a full-bench decision. We are of the opinion

that the law announced in that case is the true law upon this subject. In support of this proposition we shall now refer to some other decisions of this court and to the decisions of courts in other jurisdictions upon this subject.

■ It is generally held by the decisions in this country that the rights of a purchaser of the realty without notice of the claim of the seller of fixtures are unaffected by the latter's retention of title thereto, or reservation of the right to retake them upon default in the payment of the purchase price. Re W. O. Craig Mfg. Co., 201 Fed. 348; Simpson Brick Press Co. v. Wormley, 166 Ill. 383 (46 N. E. 976); Allis-Chalmers Co. v. City of Atlantic, 164 Iowa, 8 (144 N. W. 346, 52 L. R. A. (N. S.) 561, Ann. Cas. 1916D, 910); Smith Paper Co. v. Servin, 130 Mass. 511; Ridgeway Stove Co. v. Way, 141 Mass. 557 (6 N. E. 714); Wentworth v. S. A. Woods Mach. Co., 163 Mass. 28 (39 N. E. 414); Knowlton v. Johnson, 37 Mich. 47; Watson v. Alberts, 120 Mich. 508 (79 N. W. 1048); Arlington Mill &c. Co. v. Yates, 57 Neb. 286 (77 N. W. 677); Haven v. Emory, 33 N. H. 66; Landigan v. Mayer, 32 Or. 245 (67 Am. St. R. 521, 51 Pac. 649); Washburn v. Inter-Mountain Mining Co., 56 Or. 578 (109 Pac. 382, Ann. Cas. 1912C, 357); Blanchard v. Eureka Mill Co., 58 Or. 37 (37 L. R. A. (N. S.) 133, 113 Pac. 55); Union &c. Co. v. Fred W. Wolf Co., 114 Tenn. 255 (108 Am. St. R. 903, 4 Ann. Cas. 1070, 86 S. W. 310); Davenport v. Shants, 43 Vt. 546. One of the reasons which has been assigned to support the above rule is, that, as the seller agrees that the fixtures shall be converted in all outward appearances into real property, he assumes the risk of their being sold as such, as it would be contrary to justice to allow the seller to save himself by casting the consequences upon the purchaser of the real estate. Knowlton v. Johnson, supra; Allis-Chalmers Co. v. Atlantic, supra. In Union Bank &c. Co. v. Fred W. Wolf Co., supra, it was said that there are two reasons why a conditional seller of property which has become a fixture should not be permitted to assert his claim thereto against an innocent purchaser of the realty, the first being based upon the principle that where one of two innocent persons must suffer, that one should bear the loss whose conduct or act places it in the power of a third party to impose upon or deceive another, and the second being found in the policy of the law in respect to real-estate titles, which is opposed to secret liens, and requires that

the public records shall contain evidence of all liens and encumbrances. In Washburn *v.* Inter-Mountain Mining Co., supra, it was held that when a chattel which was sold for that purpose has been affixed to the soil, a party dealing with reference to the realty upon which the chattel is situated, without notice of the reservation of title by the seller thereof, will not be affected thereby, but as to him the chattel will be treated as a fixture, since to hold otherwise would render land titles uncertain, endanger the rights of purchasers, and afford opportunities for fraud.

■ On the other hand, where purchasers of realty take with notice of the rights of sellers of fixtures, such rights may be asserted against them. This doctrine is coupled with the qualification that the property must be susceptible of retaining the character of personalty, and not become merged with the realty by incorporation therein, as in the familiar instance of materials which have become an integral part of buildings. Under this rule the property must be capable of being removed without material injury to the realty or to itself. In these circumstances it has been held that a retention of title by the seller is effectual as against a purchaser of real estate with notice. Meyer *v.* Pacific Machinery Co., 244 Fed. 730; Wood *v.* Holly Mfg. Co., 100 Ala. 326 (13 So. 948, 46 Am. St. R. 56); Hunt *v.* Bay State Iron Co., 97 Mass. 279; Southbridge Saving Bank *v.* Exeter Mach. Works, 127 Mass. 542; Duke *v.* Shackleford, 56 Miss. 552.; John Vann Range Co. *v.* Allen, Miss. (7 So. 499); Stanton *v.* Thompson, 49 N. H. 272; Felton Water Wheel Co. *v.* Oregon Co., 87 Or. 248 (170 Pac. 317); San Antonio Brewing Asso. *v.* Arctic Ice Mach. Mfg. Co., 81 Tex. 99 (16 S. W. 797); Wolf Co. *v.* Kutch, 147 Wis. 209 (132 N. W. 981); American &c. Mach. Co. *v.* Sedalia &c. Brick Co., 174 Mo. App. 485 (160 S. W. 902); Marker *v.* Williams, 39 Cal. App. 674 (179 Pac. 735). So in Ingersoll *v.* Barnes, 47 Mich. 104 (10 N. W. 127), it was held that a retention of title by the seller is effectual where the grantee had sufficient notice to put him upon inquiry.

■ Our statute provides for the record of retention-title contracts, and makes such record notice to the world. Civil Code (1910), § 3320. An entry of filing, made in a book kept by a clerk for filing for record mortgages and other liens on personalty, of an instrument retaining title in a vendor as security for the purchase-price of personalty, and also creating a mortgage on

realty by the purchaser as additional security for such purchase-price, will be notice to a subsequent purchaser of the realty. *Touchstone Live Stock Co.* v. *Easters,* supra. In *Shippen* v. *Ga. Power Co.,* supra, this court held that under the rule laid down in the *Touchstone* case the record of a retention-title contract to certain kitchen and refrigeration equipment sold to a person and attached to the realty, and notation of it on the index relating to personal property, by the clerk of the superior court, afforded ample constructive notice, to one purchasing the realty from the purchaser of the personalty, of the outstanding contract reserving title in the seller to the personalty contained in the building on the premises bought by him. An examination of the public records would have disclosed this unpaid retention-title contract. The ruling that the filing of a contract of conditional sale is sufficient to charge intending purchasers of the realty with notice thereof is in accord with the decisions of courts in other jurisdictions in this country. Sword v. Low, 122 Ill. 487 (13 N. E. 826); Eaves v. Estes, 10 Kan. 314 (15 Am. R. 345); Keeler v. Keeler, 31 N. J. Eq. 181; Ford v. Cobb, 20 N. Y. 344; Kribbs v. Alford, 120 N. Y. 519 (24 N. E. 811); Rowland v. West, 62 Hun, 583 (17 N. Y. Supp. 330); Monarch Laundry v. Westbrook, 109 Va. 382 (63 S. E. 1070); Colwell Lead Co. v. Home Title Ins. Co., 154 App. Div. 83 (138 N. Y. Supp. 738); Re Atlantic Beach Cor., 244 Fed. 828; Boeringa v. Perry, 96 Wash. 57 (164 Pac. 773); New York Inv. &c. Co. v. Cosgrove, 167 N. Y. 601 (60 N. E. 1117); Foreman v. Nordon Con. Co., 167 App. Div. 712 (152 N. Y. Supp. 592); Maxson v. Ashland Iron Works, 85 Or. 345 (166 Pac. 37). Our ruling is in accord with the decision of the Court of Appeals of this State in *Empire Cotton Oil Co.* v. *Continental Gin Co.,* 21 *Ga. App.* 16 (93 S. E. 525).

Besides our act providing for the record of conditional bills of sale, the code provides that every clerk of the superior courts of this State shall provide, at the expense of each county, a duplex index-book, wherein shall be indexed the names of grantor and grantee of every instrument recorded in his office, the character of the instrument, date of the instrument, book where recorded, and the date of the record. Civil Code (1910), § 4892 (8). These statutes furnish easy and available means by which an intending purchaser of real estate can acquire notice of the existence of all

retention-title contracts between the owner and other parties. With this information prospective purchasers can determine whether chattels attached to real estate are held by the owner thereof under retention-title contracts. The duty imposed upon prospective purchasers of realty to make such investigation and inquiry does not impose upon them any very onerous burden; certainly not such a burden as would justify the destruction of the rights of sellers of articles under retention-title contracts duly recorded.

There are cases holding to the contrary of what we rule, but we are of the opinion that our ruling states the true law upon this subject. So we answer the question propounded by the Court of Appeals in the negative. *All the Justices concur.*