## 17635.  BROOKS v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY.

1. As between grantor and grantee, the strict rule of common law prevails, that, in the absence of either an intrinsic or an extrinsic agreement to the contrary, "all fixtures, whether actually or constructively annexed to the realty, pass by a conveyance of the freehold." *Wolff v. Sampson,*

---

Fixtures, 26 C. J. p. 654, n. 31; p. 664, n. 99; p. 665, n. 9; p. 669, n. 44; p. 670, n. 48; p. 720, n. 38; p. 721, n. 40, 41; p. 722, n. 54, 55; p. 727, n. 90, 91; p. 730, n. 11.

Vendor and Purchaser, 39 Cyc. p. 1805, n. 41; p. 1806, n. 42, 43.

123 *Ga.* 400 (51 S. E. 335). "Machinery, such as planers, moulders, belting, shafting and the like, placed in and attached to a mill in order to carry out the obvious purpose for which it was erected, or to permanently increase its value for use as a manufacturing establishment, and not intended to be moved about from place to place but to be permanently used with the building, becomes a part of the realty, although such machinery may be removable without injury either to itself or the building." *Cunningham* v. *Cureton*, 96 *Ga.* 489 (4) (23 S. E. 420). Under this rule a boiler incased in brick, an engine bolted to a brick foundation, and a gin with its equipment attached to the sills of the ginnery building, prima facie become a part of the land, and, as between the grantor and grantee of the premises, in the absence of some agreement evidencing a contrary intent, would pass under a conveyance of the land. *Power* v. *Garrison*, 141 *Ga.* 429, 432 et seq. (81 S. E. 225). In the instant case, nothing being disclosed to indicate in any wise an intention to change the operation of the general rule, it was properly given effect, and the court did not err in directing a verdict in favor of the plaintiff. It was contended that under the ruling of the case of *Smith* v. *Odom*, 63 *Ga.* 499, quoted by the Supreme Court in *Power* v. *Garrison*, supra, p. 433, certain parts of the gin outfit were prima facie personalty, and that it was incumbent upon the plaintiff (as purchaser of the realty) to show a contrary intent. Since, however, most of the property sued for had manifestly become a part of the realty, the portions of the gin outfit referred to must be treated likewise, for, in the language of the decision in the *Cunningham* case, supra, it "was of a kind essential to the completeness of the mill for the purpose for which it was built and was being operated," and "could not properly be regarded, therefore, as machinery 'movable at pleasure' in the sense intended by the code."

2. It is made to appear that at some time subsequent to the giving of the lien on the premises by the defendant to the plaintiff certain additional gin machinery, in some comparatively small quantity, was added to the plant by the defendant, and purchase-money notes were given for it, which the seller caused to be recorded, but that all the notes became satisfied prior to the public sale of the premises to the plaintiff. If the purchase-money notes remained outstanding and the contest was between their holder and the purchaser of the realty, the rule to be applied would be such as is indicated in the case of *International Clay Machinery Co.* v. *Moultrie Banking Co.*, 34 *Ga. App.* 396 (129 S. E. 877); but where, as here, the contest is between the vendor and the vendee of the premises, that rule does not apply. Nor can it be said that the addition of fixtures annexed to the realty after the giving of the lien on the land, and fully paid for prior to the sale thereof, throws any light upon the intention of the parties as to whether the lien or the sale thereunder was actually intended to include such fixtures as a part of the realty. Under the rule announced in *Cunningham* v. *Cureton*, supra, p. 492, if such additions were attached to and became a part of the realty, the sale of the realty "includes not only such fixtures as are attached to the realty at the time" the lien was executed, "but such as may be annexed subsequently."

DECIDED DECEMBER 20, 1926.

Trover; from Wilkes superior court—Judge Perryman. August 2, 1926.

*F. H. Colley, W. A. Slaton,* for plaintiff in error.

*J. D. Bradwell, B. W. Fortson,* contra.

JENKINS, P. J. John Hancock Mutual Life Insurance Company filed a suit in trover in Wilkes superior court against John E. Brooks, for the recovery of a steam-engine, boiler, and gin outfit. In December, 1917, Brooks borrowed money from John Hancock Mutual Life Insurance Company, giving a deed to the land to secure the debt, in which no reference was made to the machinery. This deed contained a power of sale, under the terms of which the property was sold in 1923 and purchased by the insurance company. No reference to the machinery was made in that deed. After the execution of the security deed, Brooks bought certain other equipment for the gin, giving his purchase-money notes therefor, which were duly recorded, but which were all paid off and discharged prior to the sale of the premises to the plaintiff. Brooks was living on the land at the time of the sale, and, upon removing therefrom, took up and carried away the machinery sued for. The judge directed a verdict in favor of the plaintiff, to which defendant excepted.

*Judgment affirmed. Stephens and Bell, JJ., concur.*