## 20523.   WILLIAMS *v.* IDEAL PLUMBING COMPANY.

DECIDED JUNE 10, 1930.   REHEARING DENIED JULY 15, 1930.

*McElreath & Scott, J. Lon Duckworth,* for plaintiff in error.
*Breen, Finch & Padgett,* contra.

BROYLES, C. J.   1.   This was a suit in trover to recover plumbing fixtures (sold under a retention-of-title contract) that had been installed in a dwelling house.   Under the provisions of the contract that the fixtures should "remain personal and movable property," and the other facts of the case, the controlling questions were whether the fixtures, after becoming attached to the realty, had lost their identity, and whether they could be detached from the realty without material injury to the realty.   On these questions the evidence was in acute conflict, and the finding of the jury, that the

attached fixtures had not lost their identity, and that they could be detached from the realty without material or essential damage to the realty, was authorized by the evidence. See, in this connection, *International Co.* v. *Moultrie Co.,* 34 *Ga. App.* 396 (129 S. E. 877); *Skinner* v. *Stewart Plumbing Co.,* 166 *Ga.* 800, 801 (144 S. E. 261); *Columbus Heating Co.* v. *Burt,* 166 *Ga.* 158 (142 S. E. 900); *Wofford Oil Co.* v. *Weems-Fuller Co.,* 166 *Ga.* 173, 175 (142 S. E, 887); *Brooks* v. *John Hancock Life Ins. Co.,* 36 *Ga. App.* 261 (136 S. E. 166).

2. Under the facts of the case, the special grounds of the motion for a new trial, set forth in the petition for certiorari, show no cause for a reversal of the judgment.

3. This court not being satisfied that the writ of error was prosecuted for the purpose of delay only, the request of the defendant in error that damages under section 6213 of the Civil Code be assessed against the plaintiff in error is denied.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*