## 21214.  COLONIAL HILL COMPANY v. MONCRIEF FURNACE COMPANY.

Decided April 14, 1931.

*D. K. Johnston,* for plaintiff in error.
*Charles G. Bruce,* contra.

Broyles, C. J. The second headnote only will be discussed. This action in trover was between the original seller of the property sued for and a third person—not the original purchaser. Upon the trial the plaintiff elected to take a money verdict, and the trial judge, sitting without the intervention of a jury, rendered a judgment in favor of the plaintiff for the exact amount of the purchase-price of the property as set forth in the retention-of-title contract.

It is well settled, that, "to authorize a money verdict in a trover suit, there must be some evidence to show the value of the personal property converted by the defendant." *Oglesby* v. *Hanson,* 7 *Ga. App.* 318 (66 S. E. 802), and cit. It is also well established, that, "as between the original seller and the original purchaser, the agreed price as stated in the contract of sale is prima facie, but not conclusive, evidence of the actual value of the property. But as between the seller and third persons the amount stated in the contract of purchase is of no such evidentiary value." *Elder* v. *Woodruff Co..* 9 *Ga. App.* 484, 486 (71 S. E. 806). However, in a suit

between the original seller and a third person, where there is any undisputed evidence, direct or circumstantial, which would authorize the jury to infer the value of the property at the date of its conversion, a· verdict in favor of the seller for that value, with interest, is authorized, provided that the value is not more than the amount of the debt owed by the defendant to the plaintiff. *Lott* v. *Banks*, 21 *Ga. App.* 246 (4), 248 (94 S. E. 322). In this case, as in the *Lott* case, there was no direct and express evidence showing the value of the property at the date of its conversion.

However, in our opinion, the undisputed circumstantial evidence authorized the trial judge, sitting without the intervention of a jury, to find that the value of the property at the time of its conversion was the amount of its purchase-price as agreed on by the original seller and the original purchaser. This evidence was, first, the purchase-price paid for the property by the original buyer. That price was not only shown by the retention-of-title contract, but by the undisputed testimony of the original purchaser of the property. As said by Presiding Judge Jenkins, in the *Lott* case, ·supra: "As a general proposition evidence as to the selling price of an article is a circumstance, though not conclusive, upon the question of value. *Southern Railway Co.* v. *Williams*, 113 *Ga.* 335 (38 S. E. 744); *Watson* v. *Loughran*, 112 *Ga.* 837 (38 S. E. 82). . . However, in this particular case, we think that there is in fact other evidence upon the specific question of value itself which the jury would have had the right to consider. There was evidence tending·to establish the value at the time of the conversion, as shown by the purchase-price paid for the property by defendant. *The property involved is not such as could be called a fluctuating commodity."* (Italics ours.) The *Lott* case, supra, like this case, was a suit between the original seller of the property and a third person, and the property involved in this case, like that in the *Lott* case, could not be classed as a fluctuating commodity whose value would rise and fall like that of cotton or wheat. Furthermore, in the instant case, the undisputed testimony was that the property had never been used since its installation, which tended to establish the fact that its value was the same as its purchase-price. Under these circumstances, this court can not hold that there was no evidence authorizing the finding of the judge upon the ·question of value.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*