21586. LASCH *v.* COLUMBUS HEATING & VENTILATING CO.

BROYLES, C. J. 1. Where personal property (a furnace and its fixtures) was sold under a written contract wherein it was agreed that the furnace and all its fixtures should remain the personal property of the seller until all of the purchase-price was fully paid, and that in default of such payment the seller, without molestation, could enter the premises where the furnace had been installed and remove the furnace and its fixtures, and where subsequently the furnace and fixtures were installed by the seller in the house of the purchaser in such manner that they apparently become a part of the real estate, and in such manner that but for the said title-retention contract they would have become a part of the realty, but where they did not by such installation lose their identity, but on the contrary were capable of identification, and remained detachable fixtures which could be removed without materially injuring the value of the realty or the value of the fixtures, and where the title-retention contract was duly filed in the office of the clerk of the superior court of Fulton county, Georgia (the county where the purchaser of the furnace resided and where the furnace was installed), and was recorded in mortgage book 566, page 535, and properly indexed on the chattel-mortgage records, the said recording being done subsequently to the execution of said contract and the installation of the furnace, and more than five months before the real estate to which the furnace was attached was sold to the defendant in this action in trover; and where the title-retention contract was recorded as a chattel mortgage only, and

there was nothing of record on the land records of the county to indicate the existence of such a contract, and where the defendant in this action in trover purchased the said real estate in good faith, without actual knowledge or actual notice of the title-retention contract, and believed that the said heating apparatus would pass to her with the conveyance of the real estate, and where said heating apparatus was never paid for, and the title-retention contract remains unsatisfied on the records and is still held by the seller of the heating apparatus (the plaintiff in this action in trover), the title to the heating apparatus did not pass to the defendant in this action in trover, and the plaintiff having, on the trial thereof, elected to take a money judgment, the trial judge of the municipal court of Atlanta, sitting without the intervention of a jury, properly rendered a judgment in favor of the plaintiff for the sum of $181.90 principal, together with all costs of court and future interest at the rate of 6 per cent. per annum. The defendant's motion for a new trial was correctly overruled; the appellate division of the court properly denied the appeal, and the judge of the superior court did not err in overruling the certiorari.

2. The foregoing rulings are in substance those of the Supreme Court in this case, made in answer to a question certified by this court. See *Lasch* v. *Columbus Heating & Ventilating Co.*, 174 *Ga.* 618 (163 S. E. 486).

3. The first headnote of the Supreme Court's decision in this case is as follows: "The decisions in the first division of the Court of Appeals, as announced in *Williams* v. *Ideal Plumbing Co.*, 41 *Ga. App.* 607 (154 S. E. 212), and *Colonial Hill Co.* v. *Moncrief Furnace Co.*, 43 *Ga. App.* 204 (158 S. E. 343), are in conflict with the decision of the second division of that court as announced in *Skinner* v. *Stewart Plumbing Co.*, 42 *Ga. App.* 42 (155 S. E. 97). This court is of the opinion that the decisions of the first division of the Court of Appeals announce the true law upon the question involved, and are in harmony with the decisions of this court."

*Judgment affirmed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*

DECIDED APRIL 30, 1932.

*Ralph Williams, Jones, Evins, Powers & Jones,* for plaintiff in error.

*Charles G. Bruce,* contra.