39994. SLATON v. PARKER HEATING COMPANY.

DECIDED APRIL 8, 1963—REHEARING DENIED APRIL 22, 1963.

*Sheats, Parker & Webb, Guy Parker,* for plaintiff in error.
*Robert M. McCartney,* contra.

CARLISLE, Presiding Judge. This is an action in trover for recovery of a furnace and its fixtures which were sold under a written contract wherein it was agreed that the furnace and fixtures would remain the personal property of the plaintiff until all of the purchase price was fully paid. The contract provided that in the event of a default in payment of the purchase price

the purchaser would allow the plaintiff to enter the premises where the furnace was installed and remove the furnace, it then being stipulated that such damage to the real estate as was the necessary result of the removal of this property would be borne by the purchaser.

At the time of this conditional sale there was in existence a recorded deed to secure a debt against the real estate where the furnace was to be installed, and, thereafter, the realty was sold to the grantor of defendant in accordance with a power of sale provided within the security deed. But, prior to the sale under this security deed, the plaintiff's retention-of-title contract was filed for record with the clerk of the superior court. The defendant claims title to the furnace as a bona fide purchaser for value without notice, as the evidence is uncontradicted that the security deed was filed on February 23, 1961, and the title-retention contract was not filed for record until January 2, 1962, approximately one month before execution of the deed to the grantor of the defendant.

This plaintiff was not divested of its title to the personal property by reason of its annexation to the realty on which there was a pre-existing recorded security deed. The furnace did not lose its identity when it was installed, and, at the trial the plaintiff produced testimony showing that the furnace could be detached from the realty without essential injury to the value of the freehold. *International Clay Machinery Co. v. Moultrie Banking Co.*, 34 Ga. App. 396 (129 SE 877). Such an agreement, retaining title in the seller of personal property, will·prevail as against a subsequent purchaser of the land who takes with notice of the agreement, and constructive notice by virtue of the record of the retention-of-title contract is sufficient. *International Clay Machinery Co. v. Moultrie Banking Co.*, 34 Ga. App. 396, supra; *Lasch v. Columbus Heating &c. Co.*, 174 Ga. 618 (163 SE 486), s.c. 45 Ga. App. 200 (164 SE 211); 36A CJS 651, Fixtures, § 19.

Thus a warranty deed subsequently executed to the defendant, by the purchaser of the real estate, did not convey title to these fixtures which were attached to the realty, for the holder of the security deed had no title therein to transfer to the pur-

chaser, and, as a subsequent purchaser of the land with notice of the conditional-sale agreement, he acquired possession of the furnace subject to the title of the plaintiff.

The plaintiff retained the title to the furnace and its fixtures and where the purchase price was not paid in accordance with the terms of the conditional-sale agreement, he had the right to immediate possession of this property. The defendant's failure to deliver this personalty in response to the demand of the plaintiff constituted a conversion for which trover will lie. *Lasch v. Columbus Heating &c. Co.*, 45 Ga. App. 200 (164 SE 211), s.c. 174 Ga. 618 (163 SE 486); *Colonial Hill Co. v. Moncrief Furnace Co.*, 43 Ga. App. 204 (158 SE 343); *International Clay Machinery Co. v. Moultrie Banking Co.*, 34 Ga. App. 396, supra. The evidence here amply supported the judgment which was rendered against the defendant, and the trial court did not err in overruling the motion for new trial.

*Judgment affirmed. Bell and Hall, JJ., concur.*